## HARRIET MILLER

*v.*

## THE UNION CENTRAL LIFE INSURANCE COMPANY.

*Filed at Ottawa May 19, 1884.*

1. APPEAL—*reviewing controverted questions of fact—effect of affirmance by Appellate Court.* Where a judgment of the trial court, in an action of assumpsit upon a policy of life insurance, for the defendant, is affirmed by the Appellate Court, this will settle all controverted questions of fact against the plaintiff, and this court, on appeal, can not assume that any agent of the defendant was authorized either to waive a forfeiture already accrued, or to make a renewal contract of insurance.

2. INSURANCE—*waiver of forfeiture—renewal of policy.* A waiver of a right presupposes knowledge of the right waived, and is not to be inferred from a merely negligent act, or one done under a misapprehension of the real condition of the rights of the parties at the time; and a renewal contract of insurance necessarily requires the continued existence of that which is insured.

3. SAME—*life insurance—payment of premium after death of the assured.* A person whose life was insured, on demand refused to pay the second annual premium, and died in about ten days after default in payment. Two days after the death, a subordinate agent of the company, and friend of the assured, being ignorant of his death, paid the premium, taking the insurance company's receipt renewing the policy. On learning of the death of the assured, the friend returned the receipt to the company, and it returned the money paid by him: *Held,* that the payment by such friend, which was made, and received by the company, in ignorance of the fact of the death of the assured, could then amount to nothing, and that the party to whom the policy was payable acquired no rights thereby.

APPEAL from the Appellate Court for the First District;— heard in that court on writ of error to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was assumpsit, on a policy of insurance on the life of George W. Miller, for $1000,—annual premium $56.24, payable on or before the 30th of November in each year, for ten years. The amount secured by the policy, in the event of

the death of the assured, was payable to his wife, the appellant.    The following clause was in the policy:

"This policy is issued 'and accepted upon the express conditions and agreements contained upon the back hereof. Signed November 22, 1880.

J. COCHRANE, President."

"N. W. HARRIS, Secretary."

And the following conditions were on the back of the policy:

"*Third*—Premiums shall be paid on days same become due, at office of defendant, or to agent holding receipt therefor, signed by the president, vice-president or secretary of company, no agent having authority to extend or postpone time of payment of any premium."

"*Eleventh*—None of terms of policy can be modified, nor any forfeiture under it waived, except by an agreement in writing, by president, vice-president or secretary, whose authority for this purpose shall not be delegated."

"*Powers of agents.*—Agents not authorized to make, alter or discharge contracts, waive forfeitures, or bind the company in any way.    The company may, if it see fit, restore a forfeited policy upon a new application."

The first premium was paid at the time of issuing the policy.    The second premium was due November 30, 1881. At the time this premium was due, the company sent an agent to the assured, with a renewal receipt, to make demand for payment of the premium.    This agent made the demand, and Miller refused to pay, and the receipt was returned to the company.    Miller died on the 10th of December, 1881. On the 12th of December, 1881, one Farnham, a subordinate agent of the company and friend of Miller, being ignorant of the death of Miller, paid a part of the last installment to the company, and had the balance charged against his account on the books of the company, and took from the company the following receipt:

"*Union Central Life Insurance Co., Cincinnati, Ohio:*

"Received $56.24, renewing· policy 21,386, of George H. Miller, from the 30th day of November, 1881, to November 30, 1882.   This payment, if made when overdue, will not be valid in continuing the policy, unless the party insured is in good health at the time.   It is also agreed that the statements in application, and for the revival of said policy, are true.   This receipt not valid unless paid in cash, and countersigned and dated the day of payment.

"By R. H. EDDY, Agent.      E. S. MARSHALL, Secretary.

"Paid at Chicago, Ill., this 30th day of November, 1881.
R. H. EDDY, Agent.

"*Agents are not authorized to sign receipts or waive forfeitures.*"

Farnham retained this receipt for a short time, and having learned that Miller was dead when he made the payment to the company, he returned the receipt to the company, and they returned the money to him.   The cause was tried by the court, without the intervention of a jury, and the judgment was for the defendant.   On error to the Appellate Court for the First District this judgment was affirmed.   This appeal is prosecuted to reverse that judgment.

Mr. THOMAS MORRISON, and Mr. JOHN L. KING, for the appellant:

Payment of the premium by Farnham was as effectual as if Miller had paid it during his lifetime.   *Burn* v. *Smith*, 21 Barb. 262; *Sandford* v. *McLean*, 3 Paige, 117; *Tracey* v. *Irwin*, 18 Wall. 549; *Bennett* v. *Hunter*, 9 id. 326.

The act of the company in accepting payment on the 12th of December, 1881, is conclusive that up to that time they had elected to treat the policy as being in full force and effect, and that up to that time they had not elected to forfeit the policy for non-payment of the premium.   *Chicago Life Ins. Co.* v. *Warner*, 80 Ill. 410.

Any act showing an intention to waive a forfeiture in a policy of insurance will be construed to be a waiver.   *Boeher* v. *Williamsburg Ins. Co.* 35 N. Y. 131.

Conditions in a lease making an assignment work a forfeiture, are waived, even after condition broken, by the lessor accepting rent.   1 Smith's Leading Cases, 93.

The inclination of the courts is to give every act or declaration which evinces an intention to overlook the breach, the effect of a waiver, and the law will not suffer its legal effect to be varied by the declaration of a different design.   *Croft* v. *Lumley,* 5 E. &. B. 647.

The right to forfeit is waived by any course of conduct inconsistent with the intention of insisting upon a forfeiture. Fry on Specific Per. sec. 745.

The condition of forfeiture is for the company's benefit, solely, and a waiver of a strict compliance continues the obligation.   *Mutual Benefit Life Ins. Co.* v. *Robertson,* 59 Ill. 127.

A condition of forfeiture in a policy of insurance may be waived, and the policy continued, after the happening of the event which might have worked a forfeiture, by any act by which the consent of the company might be inferred.   *Sherman* v. *Niagara Ins. Co.* 46 N. Y. 526.

Messrs. WILLARD & DRIGGS, for the appellee:

Where the receipt itself expressly stated that the acceptance of an overdue premium should not have the effect of continuing the policy unless the assured was at the time in good health, and in point of fact he was dangerously ill, it was held there could be no recovery.   May on Life Insurance, (2d ed.) sec. 362.

Renewals, like an original policy, are clearly only for the future assurance of a living person.   Ibid. sec. 353.

A payment after death is no contract—there is no consideration for insurance, no mutuality.   Bliss on Insurance, 316.

There can be no valid contract for the insurance of the life of a dead man.   Bliss on Insurance, sec. 355.

Waiver after death is not binding upon the company.   Ibid. 311.

Where payment was made, and the company received it, and gave a receipt dated as of the date the premium was due, the insured being dead at date of payment, it is held to be no waiver of the right of forfeiture.   Ibid. 314.

Each payment is a condition precedent to the continuance of the policy.   Application is invalid if founded on fraud or mistake.   Payment to company's agent of amount due for permit to assured to travel in a locality where policy forbids, after death of assured, is not a waiver.   *Hudson* v. *Knickerbocker Ins. Co.* 28 N. J. Eq. 167; *Rochner* v. *Knickerbocker Ins. Co.* 63 N. Y. 160.

Waiver must be made intentionally, and with knowledge of the circumstances, even if made by the company and not a general agent.   *Bennecke* v. *Insurance Co.* 105 U. S. 355.

Forfeiture can not be waived by an agent unless there is a contract to that end, supported by a sufficient consideration, and having the requisites of a legal contract or the necessary elements of a legal estoppel.   *Hayes* v. *Huston,* 86 Ill. 486.

A waiver of forfeiture can not be inferred from acts done by the company's agent in ignorance of material facts.   *Robertson* v. *Metropolitan Ins. Co.* 88 N. Y. 531.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

No question of law was raised upon the trial in the circuit court, and the judgment of the Appellate Court, affirming that of the circuit court, conclusively settles all questions of controverted fact against appellant.   (*Edgerton* v. *Weaver et al.* 105 Ill. 43.)   We are not, therefore, authorized to assume, here, either that there was a payment of the last installment of premium due at the date of the death of the

assured, or a waiver of the forfeiture resulting from the failure to make that payment.   We can not, as against the conclusions of fact settled by the judgment of affirmance of the Appellate Court, assume that any agent of the appellant was authorized either to waive a forfeiture already accrued, or to make a renewal contract of insurance.   A waiver presupposes knowledge of the right waived, and is not to be inferred from a purely negligent act, or one done under a misapprehension of the real condition of the rights of the parties at the time; and a renewal contract of insurance necessarily requires the continued existence of that which is insured.   The payment by Farnham, which was made by him and received by the company in ignorance of the fact that Miller was then dead, could, then, amount to nothing, and appellant acquired no rights thereby.

The judgment is affirmed.

*Judgment affirmed.*