[No. 8839.  Department One.  September 7, 1910.]

## Nicholas H. Schuster, *Guardian etc.*, *Appellant*, v. Knights and Ladies of Security, *Respondent.*[1]

Insurance — Beneficiary Certificates — Assessments — Acceptance — Reinstatement — Estoppel. A beneficiary society ratifies the acceptance of dues and is estopped from claiming that the member was not reinstated by a payment within the sixty-day period for reinstatement by payment if the member was in good health, where the society had notice at the time that the member was not in good health, but nevertheless retained the payment for over a year after the member's death, and made no tender of repayment until four months after suit was brought on the policy.

Same — By-Laws — Waiver of Forfeiture — Validity. In such a case, a by-law providing that the receipt and retention of dues of a member not in good health shall not reinstate the member is void.

Same — Agency — Local Secretary. The local secretary of a beneficiary society, authorized to collect assessments, is the agent of the society.

Chadwick and Morris, JJ., dissent.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered January 21, 1910, granting a nonsuit in an action upon a beneficiary certificate, after a trial before the court and a jury.  Reversed.

*Scott & Campbell*, for appellant.

*Samuel T. Crane* and *Fred H. Moore*, for respondent.

Gose, J.—The defendant is a foreign corporation, organized and doing business as a fraternal beneficiary society.  It has a subordinate lodge in the town of Chattaroy, in this state, known as Royal Council No. 1,380 of The Knights and Ladies of Security.  On the 27th day of Octo-

[1]Reported in 110 Pac. 680.

ber, 1906, Minnie A. Schuster became a member of the lodge at Chattaroy, and the defendant issued to her a beneficiary certificate in the sum of $1,000, payable to her daughter Ethel H. Schuster, upon the death of the assured. The assured thereafter made timely payments of her dues and assessments, up to August 1, 1908. On September 30, 1908, her husband paid her assessments for the months of August, September, and October of that year, to the financial secretary of the local lodge, she then being ill at the hospital in the city of Spokane. Her dues were paid up to January 1, 1909. The assured died on October 2, 1908. Thereafter due proof of death was submitted to the defendant, and payment was demanded and refused. This action was commenced for the recovery of the amount due on the policy on the 21st day of June, 1909. The defendant answered on the 24th day of September following. The assessments were transmitted to the defendant in October, 1908, by the financial secretary of the home lodge, and were retained by it until the last of September, 1909, when the amount was returned to the local secretary at Chattaroy, who tendered it to the plaintiff on October 9 following.

It is conceded that the financial secretary of the local lodge was the proper officer to receive and transmit the assessments. The defendant's by-laws, which under the certificate constitute a part of the contract of insurance, provide that the certificate of each member who has not paid his assessment on or before the last day of the month shall *ipso facto* stand suspended without notice; that no right thereunder shall be restored until it has been duly reinstated; that it may be reinstated within sixty days from date of suspension by payment of all arrearages, provided "that he be in good health at the time of reinstatement; provided further, that the receipt and retention of such assessments or dues in case the suspended member is not in good health shall not have the effect of reinstating said member or of entitling him or his beneficiaries to any rights under his benefit certificate."

They further provide: "The National Council shall not be liable for the illegal receipt of arrears of beneficiary or reserve fund, or National Council general funds or assessments, from suspended members, and the receiving of any such arrears, and receipting therefor by any officer of a subordinate council and the reinstatement of any suspended member except as provided in the laws of the order, shall not be binding on the National Council"; and that a member in default in the payment of his assessments for more than sixty days and less than six months can only be reinstated by the payment of all arrearages, and by presenting a health certificate approved by the company's national medical examiner. The plaintiff offered testimony tending to show that, when the husband paid the assessment on September 30, 1908, he informed the secretary of his wife's illness. This the secretary denies. Upon the facts stated, after both parties had submitted their evidence, a judgment was entered in favor of the defendant for costs. The plaintiff has appealed.

It was alleged in the answer, and it is urged here, that because of the illness of the assured, the payment of the arrearages to the financial secretary within sixty days from the date of the suspension of the certificate did not reinstate it. A reference to the by-laws, to which we have adverted, will disclose that a payment of the assessments to the secretary within sixty days after the suspension of a certificate for the nonpayment of an assessment reinstates the policy, if the member is in good health, and that no method is provided for determining that fact.

The appellant contends that the retention of the assessments by the respondent after having notice of all the material facts operates as a ratification of its acceptance by the local secretary and estops the respondent from asserting the invalidity of the certificate. We think this contention must be sustained. Summarizing the facts, it appears that the tender was made more than a year after the death of the

insured, about four months after the commencement of the action, and fifteen days after answering. No excuse is offered for the delay. We have seen that the only reason assigned for the nonpayment of the policy is that it was suspended in the lifetime of the assured for the nonpayment of the assessments. Upon the facts stated, when proof of the death of the assured was submitted, it was the duty of the appellant to pay the policy or refund the money which it asserts the secretary accepted without authority. It should then have disaffirmed his acts, and restored, or offered to restore, the money. It sought to do the former, but made no pretense of doing the latter until October 9, 1909. The tender was not timely. We are not unmindful of the language of the by-law quoted, but we are unwilling to stand sponsor for a principle of law which would uphold such a stipulation. The language seemingly has reference to the retention of assessments by local officers. But if it includes the retention by the respondent, the injustice of the provision is too glaring to receive judicial sanction. Cunningly contrived provisions in policies, to the effect that local officers are the agents of the home lodge only, and that solicitors of insurance are the agents of the insured, have been ignored by the courts. The local secretary was the agent of the respondent. *Hoeland v. Western Union Life Ins. Co.*, 58 Wash. 100, 107 Pac. 866; *Modern Woodmen of America v. Tevis*, 117 Fed. 369; *Pringle v. Modern Woodmen of America*, 76 Neb. 384, 107 N. W. 756, 113 N. W. 231.

To adopt the construction of the by-law contended for by the respondent we would be required to hold that it could have continued to receive the assessments for twenty years, if the assured had lived, and then retained the money and claimed immunity from liability upon her death. That the retention of the money with knowledge of all the material circumstances operates as a waiver of the right to assert that the policy is suspended, is supported by the following authorities: *Staats v. Pioneer Ins. Ass'n*, 55 Wash. 51,

104 Pac. 185; *Rasmusen v. New York Life Ins. Co.*, 91
Wis. 81, 64 N. W. 301; *Coverdale v. Royal Arcanum*, 193
Ill. 91, 61 N. E. 915; 29 Cyc. 194, 195, 196; *Masonic Mut.
Benefit Ass'n v. Beck*, 77 Ind. 203, 40 Am. Rep. 295; *Life
Ins. Clearing Co. v. Altshuler*, 55 Neb. 341, 75 N. W. 862;
*Spitz v. Mutual Benefit Life Ass'n*, 5 Misc. 245, 25 N. Y.
Supp. 469.

It is conceded that, under the abatement provisions in
the certificate, the liability of the respondent is $850, if
there is in fact a liability. We think that, under the ad-
mitted facts, the learned trial court should have directed a
verdict for the appellant. The judgment will be reversed,
with direction to enter a judgment for the appellant for
$850, with legal interest from the date of the death of the
assured.

RUDKIN, C. J., and FULLERTON, J., concur.

CHADWICK, J. (dissenting)—I dissent. Mrs. Schuster
had been a member of a local lodge of The Knights and
Ladies of Security, but had voluntarily allowed her member-
ship to lapse. She became ill, was taken to a hospital in
Spokane, where it was made known to her husband that she
must submit to a capital operation. Thereupon her hus-
band, the present plaintiff guardian, hastened to the home of
the financial secretary of the local lodge and paid the arrear-
age of dues, as well as some in advance. Even though the
local officer had notice or knowledge of the true state of
facts, it should not be held to bind the company. The rein-
statement was in direct violation of her contract and was a
fraud upon the membership. The policy was designed to
prevent such frauds. It provides in terms that the receipt
and retention of assessments or dues, in case the suspended
member is not in good standing, shall not have the effect of
reinstating the member or entitling the beneficiary to any
rights under the beneficiary certificate. Beneficiary associa-
tions are not like insurance companies. Their affairs are not

conducted for profit. The detail of their affairs are not conducted by trained business agents, but of necessity must go through the hands of lodge members who are frequently unskilled in the ways of business and have no knowledge of the technical rules of the law. The parties had a right to make the contract in the terms stated, and should now be held to it. In my judgment the cases cited in the majority opinion are not in line with the case at bar. Indeed, no case will be found holding that a fraud can be worked against a voluntary fraternal benefit association under the cover of an estoppel. The most the plaintiff is entitled to recover is the amount paid for reinstatement, and judgment should be entered for that amount.

MORRIS, J., concurs with CHADWICK, J.