[No. 15158.  Department One.  July 9, 1919.]

# GRACE M. BERRY, *Respondent*, v. NATIONAL COUNCIL OF THE KNIGHTS & LADIES OF SECURITY, *Appellant*.[1]

APPEAL (341)—BRIEFS—DESIGNATION OF APPELLANT.  Appellant's brief will not be stricken or judgment affirmed on account of a misnomer of appellant corporation, where it appears to be identical with the name contained in and signed to the contract in suit.

INSURANCE (205)—MUTUAL BENEFIT INSURANCE—REINSTATEMENT—WAIVER OF OBJECTIONS.  The fact that the holder of a beneficiary certificate had, while in good health, been reinstated for past lapses in payment of dues does not waive a default in payment as to which he could not be reinstated "under and by virtue of the by-laws" because he was not in good health, as required, at the time he attempted to be reinstated.

SAME (205).  A beneficiary association does not ratify the act of a local secretary in reinstating a delinquent member and remitting the payments, where the society had no notice at the time of the payment that the beneficiary was not in good health at the time of the attempted reinstatement, and the payment was returned by the home office within a reasonable time.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered May 11, 1918, in favor of the plaintiff, in an action upon a beneficiary certificate, tried to the court.  Reversed.

*Thos. H. Bain,* for appellant.

*T. W. Hammond,* for respondent.

MITCHELL, J.—The defendant is a foreign corporation, organized and doing business as a fraternal beneficiary society.  It has a lodge system and representative form of government.  Its members are united in subordinate councils under the jurisdiction and control of a national council.  It has a local lodge in

[1]Reported in 182 Pac. 562.

Tacoma, in this state, known as "Abraham's Council No. 1137." George H. Berry became a member of the lodge at Tacoma, and thereupon, on March 30, 1915, defendant issued to him a beneficiary certificate in the sum of $500, payable to one to whose rights the plaintiff succeeds, upon the death of the insured, provided he had in the meantime paid all dues and assessments consisting of monthly dues of one dollar to the national council and twenty-five cents to the local lodge, complied with all the provisions of the constitution and laws of the order, and continued a member of the order in good standing. The insured died, due proof thereof was submitted to the defendant, and payment was demanded and refused. This action was instituted to recover on the policy. The trial by the court without a jury resulted in a judgment in favor of the plaintiff, from which defendant has appealed.

Respondent moves to strike appellant's brief and thereupon affirm the judgment for the reason that in all the pleadings and proceedings, including the judgment, in the trial court, the appellant was named "The Knights & Ladies of Security, a corporation," while in its brief in this court it is named "The National Council of the Knights & Ladies of Security, a corporation." It is noticeable, however, that in the second amended complaint, upon which the cause was tried, the policy is set out in full. It is therein designated "Beneficiary Certificate issued by The National Council of the Knights & Ladies of Security," and purports to have been signed in the name of "The National Council of the Knights & Ladies of Security," by its national president and secretary. Certainly respondent may not successfully object to the name used by appellant in its brief here, since it appears to

be identical with the one contained in and signed to the contract upon which the suit is based, whatever the name given it by her and in which response was made in the trial court. There is no merit in the motion and it is denied.

The beneficiary certificate, by its terms, makes the constitution and by-laws of the society a part of the contract of insurance. They provide that the certificate of a member who has not paid his assessment and dues on or before the last day of the month shall, by the fact of such nonpayment, stand suspended without notice and all rights under the certificate shall be forfeited; and no right under the certificate shall be restored until it has been reinstated by the member complying with the laws of the order with reference to reinstatement. On several occasions George H. Berry failed to pay his assessments and dues on or before the last day of the month, but on payment of the same later he was duly reinstated, under and by virtue of the by-laws as a member of the society, on each of the following dates, then being in good health, viz.: June 1, 1916, October 1, 1916, December 1, 1916, and January 1, 1917. It may be mentioned here that April 1, 1917, is given as another time on which he was reinstated; but obviously this is an error and is inconsistent with further detailed stipulated facts as follows:

"That said George H. Berry failed to pay his dues and assessments for the months of March and April, 1917, as they became payable, but on May 14, 1917, paid to the financier of his local lodge (an officer to whom all previous dues and assessments had been paid by him), the sum of $5 as and for assessments and dues to be paid by him for the months of March, April, May and June, 1917, and received from said local financier his receipt therefor in words and figures as follows, to wit:

"No.........     KNIGHTS AND LADIES OF SECURITY          $5
            "Abraham's Council No. 1137
      "Located at Tacoma, State of Washington.
   "Received from George H. Berry, $5 payment for
month of March, April, May and June, 1917.
                  "Chas. G. Mutchler, Financier.
   "Whereupon said financier forwarded to the de-
fendant at its home office in the State of Kansas $3,
which sum was thereafter returned within a reason-
able time to the plaintiff herein as shown by the letter
of the National Secretary of defendant hereinafter
set forth."

Thus it appears that, while the financier of the local
lodge gave a receipt for $5 for four months, it is clear
that only $3 of it was forwarded to the national coun-
cil, for the months of March, April and May, in
obedience to one of its by-laws to the effect that six
months is the shortest period for which assessments
and dues may be paid in advance. The remaining $2
evidently was applied on dues to the local council. On
May 7, 1917, George H. Berry became ill in Detroit,
Michigan, and was taken to a hospital in that city,
where he remained until his death on May 31, 1917.
Thereafter respondent presented her claim for the
payment of the policy with proof of death of the in-
sured, which was rejected by the national council of
the society and notice given respondent by letter,
already referred to, the body of which is as follows:

   "In Re: Geo. H. Berry, B. C. No. 377234.  Co.
No. 1137.
   "The claim on account of the death of your father
was considered by our executive committee and
unanimously rejected. The proof shows that he sus-
pended himself by non-payment of March and April
assessments and dues. There was an attempt to re-
instate upon May 14th, but on account of the condi-
tion of his health at that time he could not reinstate.
Under the circumstances he was not a member of the
society at the time of his death.

"I am enclosing herewith the $3 in return for the assessments paid for the months of March, April and May. These are the assessments that were made at the time he attempted to reinstate when he was not in good health and not entitled to it."

Respondent, mindful of the settled rule in this state, found in *Kennedy v. Supreme Tent of the Knights of the Maccabees of the World,* 100 Wash. 36, 170 Pac. 371, that the by-laws of a fraternal society may be waived by a custom or line of conduct acquiesced in by the society, contends that appellant is denied the right to disavow the payment of May 14, 1917, as constituting a reinstatement, because of former lapses through nonpayment of dues and consequent suspension of the insured followed each time by a reinstatement. The argument fails to bear in mind that it is stipulated by the parties the reinstatement on former occasions took place "under and by virtue of the by-laws," which is not the case as to the nonpayment for the months of March and April, 1917. The constitution and by-laws of the society are to the effect that a member may be reinstated by payment within sixty days from the date of suspension of all arrearages, including assessments and dues for which he would have been liable had he remained in good standing, provided, however, that he be in good health at the time of making payment to the financier, with a view to reinstatement. In this respect it is further provided "the payment of any such assessment and dues for reinstatement shall be a warranty by such member that he is in good health at the time of such suspension." The proof shows the insured was in good health at the time of those reinstatements had "under and by virtue of the by-laws." But not so on May 14, 1917, when by payment to the financier of his local lodge the insured undertook to undo a suspension

because of delinquency in payment of assessments and dues for the months of March and April, without advising the society or any of its agents that at that time he was, and for a week had been, ill in a hospital— a sickness which continued until his death seventeen days later. To permit the payment made on May 14, 1917, to constitute a reinstatement of the insured, under the circumstances as they exist in this case, would sanction a violation of the positive provisions of the constitution and by-laws of the society to the effect that the insured should warrant that he was in good health at the time of the payment and application for a reinstatement.

Nor is this case controlled by the doctrine of *Schuster v. Knights & Ladies of Security*, 60 Wash. 42, 110 Pac. 680, 140 Am. St. 905, and other cases of the same kind. They declare the law to be that a beneficiary society ratifies the acceptance of dues, paid through the officer of a local lodge, and is estopped from claiming a member was not reinstated by payment within sixty days, where the society had notice at the time of payment that the member was not in good health, but nevertheless retained the payment for over a year after the death of the insured and made no offer or tender of repayment until some time after the suit was brought on the policy. In the present case, there is no proof that appellant or any of its agents, including the financier of the local lodge, knew the insured was in bad health on May 14, 1917; and the evidence does show that, after the money had been forwarded to the home office, appellant, "within a reasonable time," and before the bringing of this action, returned the money to respondent.

Finding that the provisions of the contract, through the constitution and by-laws of the society, making the existence of a state of good health under the warranty

of the member one of the terms and conditions for the reinstatement of a suspended member were, in this case, neither respected by the insured nor waived by the insurer, we conclude the judgment of the trial court is erroneous, and it is reversed with direction to dismiss the action.

MAIN, MACKINTOSH, and TOLMAN, JJ., concur.

HOLCOMB, C. J., took no part.