No. 14,026.

INTERNATIONAL SERVICE UNION COMPANY *v.* MASCARENAS.

(61 P. [2d] 1025)

Decided October 19, 1936.

286

Mr. JOHN E. FITZPATRICK, for plaintiff in error.

Mr. J. FIDELL CHAVEZ, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action by a wife on a death benefit certificate. Judgment entered in her favor.

The form of certificate employed insures all the immediate members of a family, husband, wife and their unmarried children. On the death of any member of the family, but as to one member only, the company undertakes to pay a sum determinable from a schedule set forth in the body of the certificate, the age of the deceased member being the controlling factor. Here, the family consisted of the husband and wife, and the claim was occasioned by the death of the husband. In sum the recovery adjudged conformed to the schedule of benefits.

The certificate was issued February 9, 1934, and the requirement was that on the corresponding day of every succeeding month during the continuance of the certificate, the sum of one dollar should be paid. Although sometimes belated, with exception of one due in October, 1935, all payments were made and received without question. The controversy does not arise over the fact of

the October payment, but rather as to the time of payment, its retention by the company and the effect thereof.

About noon, October 12, 1935, the husband, away from home and in a distant county, suddenly and unexpectedly departed this life. The wife claimed that October 11, 1935, she sent to the company by mail one dollar in currency, which as claimed, should have reached the company before noon of the 12th (Saturday). The company's receipt for the remittance is dated October 14. Both the wife and her father testified that the payment was mailed October 11. The company rested its position as to the time the payment reached it, on the receipt to which reference already has been made. The court made a general finding in favor of the wife.

There is nothing to indicate that when the company issued its receipt for the October payment it knew of the husband's death, and the court's finding sufficiently absolves the wife from the charge that she mailed the required payment after her husband's death. It is unquestioned that within a few days after the husband's death she wrote the company of the fact, that subsequently she lodged formal proof thereof and finally entered action against the company. At no time did the company return the October payment and frankly admits that it still retains it. The company questions the judgment on two grounds: (1) That at the time it received the October payment the certificate had lapsed; (2) that it was justified in retaining the payment because liability on the certificate continued as long as a member of the family lived. Therefore, although under other circumstances waiver and estoppel might operate, retaining the premium here had no such effect.

1. The certificate specifically provides that "Any payment accepted after expiration of grace period shall reinstate certificate." That is precisely what occurred here.

2. The authorities hold that where with knowledge of the death of the insured the company re-

tains a premium payment without which liability would not attach, it is estopped to deny liability. *Schuster v. Knights and Ladies of Security,* 60 Wash. 42, 110 Pac. 680; *Knights and Ladies of Security v. Bell,* 93 Okla. 272, 220 Pac. 594; *Peterson v. Modern Woodmen of America,* 127 Wash. 412, 220 Pac. 809. It has been held that the rule applies when concededly the insured was dead when the premium was paid. *Modern Woodmen of America v. Jameson,* 48 Kan. 718, 30 Pac. 460. The company may circumvent such result by promptly returning the premium on coming into knowledge that death preceded payment. *Brown v. Knights of Protected Ark,* 43 Colo. 289, 96 Pac. 450; *Miller v. Union Cent. Life Co.,* 110 Ill. 102. But the company here says that since its certificate insured the lives of all members of the family (husband and wife in this instance), while a member of the family continues in life the certificate remains in force, and that it rightly retained the October payment of premium on that account. We do not so interpret the certificate. It is specifically set forth that the company will pay "death benefits on the death of one member only." We have not been favored with authorities construing a certificate of the import of the one under consideration, but our study leads us to the view that while the certificate insures the lives of all the members of a family, it does not continue until the last member of an insured family shall have passed. Upon the death of any member of the insured family, as we think, the certificate matures and when payment is made on account of such death the company is no longer obligated. By retaining the premium, therefore, the company brought itself within the rule that works liability as adjudged by the trial court.

Let the judgment be affirmed.

Mr. Justice Burke, sitting for Mr. Chief Justice Campbell, and Mr. Justice Butler concur.