George Loesch, Plaintiff, *v.* Manhattan Life Insurance Company of New York, Defendant.

Supreme Court, New York County, November 17, 1926.

Judgments — declaratory judgment — action for declaratory judgment under Civil Practice Act, § 473 — complaint recites plaintiff's discharge before expiration of contract term with consequent loss of benefits thereunder — plaintiff has cause of action for wrongful discharge or breach of contract of employment — declaratory judgment is not essential to plaintiff where he may obtain more complete relief through existing forms of actions — complaint dismissed under Rules of Civil Practice, rule 212, with leave to amend.

A complaint which recites an agreement between the plaintiff and the defendant by which the plaintiff was given exclusive territory for the solicitation of life insurance and the collection of premiums under a schedule of compensation for services, and after alleging that plaintiff was discharged before the expiration of said contract with a consequent loss of benefits thereunder, sets up a demand for declaratory judgment pursuant to section 473 of the Civil Practice Act to determine his rights under said contract, must be dismissed under rule 212 of the Rules of Civil Practice, for plaintiff has a right of action for wrongful discharge or for breach of contract of employment.

Moreover, a declaratory judgment is not essential to plaintiff since he may obtain more complete relief by existing forms of action, and since he is seeking a declaration, not of his rights under the contract to guide him as to his future relations, but of his rights and remedies arising in consequence of the breach. However, he may serve an amended complaint.

Motion to dismiss complaint in an action for a declaratory judgment.

 
*Harold E. Lippencott,* for the plaintiff.

*Phillip J. Ross* [*James A. O'Gorman* of counsel], for the defendant.

COTILLO, J.    This is a motion by the defendant to dismiss the amended complaint upon the ground that it does not state facts sufficient to constitute a cause of action.    Alternative relief is asked for in the shape of an order to strike out two paragraphs on the ground that they are sham, redundant, irrelevant, etc.    The complaint recites that on March 7, 1913, plaintiff entered into an agreement, a copy of which is annexed, by the terms of which he entered the employ of the defendant, to solicit life insurance for it in the city of New York, to collect premiums and to remit all collections to it; the contract giving him the power to appoint sub-agents in the territory.    The agreement was for an indefinite period, except that either party might terminate the contract by giving thirty days' notice in writing.    A schedule of compensation for services was provided, ranging from fifty per cent of the premiums collected for the first year, to five per cent on premiums collected for the fifteenth year.    It was further agreed that if the agency continued for more than fifteen years, the defendant would pay the plaintiff " 3% during the continuance of the agency, for the collection of renewal premiums collected by him and paid to the Company in cash, for any year after the fifteenth year on policies issued on applications procured under this contract; said collection fee to cease on the termination of the agency under this contract." In the event of the termination of the contract — presumably prior to the fifteen-year period — the renewal premiums were to be collected by the defendant, and two per cent deducted from the amount to which the plaintiff would otherwise be entitled under his contract.

The complaint then recites that the agreement was thereafter modified by giving the plaintiff the exclusive agency in the territory of Greater New York, furnishing him with certain office facilities, allowing him certain office expenses, and providing certain other schedules of commissions, which need not be considered here, as they do not affect the particular items of three per cent and two per cent referred to before.    The modified agreement also provided that the option to terminate should not be exercised by the defendant prior to the end of 1928.    In reliance upon this agreement as modified plaintiff entered into certain commitments and engagements with third persons and incurred large expenditures for the benefit of the defendant, and duly performed all the obligations on his part.    Defendant, however, breached its agreement by discharging the plaintiff on or about July 1, 1926, without right or

cause and maliciously, in order to cheat and defraud him of his rights to his commissions on renewal premiums; an additional motive for the discharge being plaintiff's criticism of the business methods followed by the executive officers. As a result of the discharge, it is alleged, defendant claims that it is entitled to deduct two per cent for collections on renewals, and that plaintiff will not be entitled to three per cent on renewal premiums after the fifteenth year. He, therefore, demands judgment declaring that defendant is not entitled to make the two per cent deduction for collections and that plaintiff will be entitled to three per cent on renewal premiums after the fifteenth year. And he further demands that his rights against the defendant in respect to the expenditures incurred by plaintiff on behalf of the defendant be adjudged.

A reading of the complaint makes it clear that plaintiff is seeking a declaratory judgment, in accordance with section 473 of the Civil Practice Act, to determine his rights under the contract with the defendant. This is evident from his cross-motion, which asks that he be allowed to incorporate as a conclusion to his complaint that no further or consequential relief is claimed. In seeking this amendment he is endeavoring to comply with rule 211 of the Rules of Civil Practice. The question remains whether the case at bar is one in which the power of the court to grant a declaratory judgment may and should be exercised.

The authority of the court in this matter is found in section 473 of the Civil Practice Act, which reads as follows: " The supreme court shall have power in any action or proceeding to declare rights and other legal relations on request for such declaration whether or not further relief is or could be claimed, and such declaration shall have the force of a final judgment. Such provision shall be made by rules as may be necessary and proper to carry into effect the provisions of this section."

Rules 210 to 214 of the Rules of Civil Practice have been adopted to carry into effect the intent of the statute. Rule 212 in particular, provides that the court may decline to pronounce a declaratory judgment, if in its opinion, the parties should be left to relief by existing forms of actions. The statute and rules are of recent enactment, and there are very few adjudications in this State, and none on the precise point involved. Aid must, therefore, be sought in interpreting the statute in the light of the policy adopted by jurisdictions in which this form of relief has existed for some time.

In his learned articles on " The Declaratory Judgment " in 28 Yale Law Journal, page 105, Borchard, whose opinion is derived from the study of the English and continental statutes and decisions, states that the object of the declaratory judgment is to afford

security and relief against uncertainty and doubt, and that it does not necessarily presuppose culpable conduct on the part of the defendant, but it enables any party whose rights, privileges, powers or immunities, whether evidenced by a written instrument or not, have been disputed, endangered, threatened or placed in uncertainty by another person to invoke the aid of a court to obtain an authoritative determination or declaration of his rights or other legal relations.

In *Guarantee Trust Co.* v. *Hannay & Co.* (113 L. T. 98, 101) the English court expresses its opinion that the declaratory judgment should guide parties to a contract as to their future conduct under it and " with a view rather to avoid litigation than in aid of it."

The most fruitful field for the use of this form of relief is in the construction of written instruments as to the interpretation of which there is a dispute, to determine the relative rights of the contracting parties, or the duties and obligations of trustees under a deed of trust. But the field is by no means confined to cases where a mere question of law is involved. Rule 213, which provides for submission of certain matters to a jury, presupposes that the rights to be declared may necessitate a preliminary disposition of disputed questions of fact.

Bearing in mind the general purpose of the declaratory judgment, is plaintiff's action of such a nature as to persuade the court, in the exercise of sound discretion, to permit him to invoke this remedy? Reading the allegations in the complaint most favorably to the plaintiff, he is aggrieved because defendant has unjustly discharged him before the expiration of the year 1928. By reason of this he will lose certain benefits of his contract. Has he not a cause of action for wrongful discharge or for breach of contract of employment? He may argue that he has narrowed his claim for such breach by merely demanding his rights to full commissions on renewals and to reimbursement for his commitments, and that the claims for additional commissions have not yet accrued. On the other hand, he has been notified by the defendant that he will not receive such additional benefits, and this notice gives him the privilege to sue as for an anticipatory breach. His recovery under existing forms of actions is, therefore, complete.

A further consideration of the character of the contract as one of a personal nature emphasizes this conclusion. The defendant has dispensed with plaintiff's services. The law cannot compel his reinstatement but can only give him relief by way of compensation. By its act the defendant has terminated the contract. Plaintiff, therefore, seeks a declaration, not of his rights under the contract, to guide him in his future conduct, but of his rights and remedies

arising in consequence of the breach. But every ordinary action for breach of contract results in such a declaration of rights of the injured party, implied in the consequent money judgment which converts a theoretical recognition of a right into a practical measure of relief. The case at bar being an action of that type, it is difficult to see why a declaratory judgment as such is necessary, when the plaintiff may obtain more complete and immediate relief by existing forms of actions.

If plaintiff's renewal compensation were not coupled with the incidental service of making collections and perhaps performing other duties for the defendant, it might come within the authority of *Powell & Thomas* v. *Evan Jones & Co.* (L. R. [1905] 1 K. B. 11), in which a declaratory judgment issued to the effect that plaintiff was entitled to a percentage of certain royalties received in future by the defendant. But the compensation here implies continued service. The wanton discontinuance of his services may not entitle him absolutely to the three per cent and two per cent claims referred to in the complaint. These will be subject to certain possible deductions. Nevertheless, the entire amount due him for the anticipatory breach can be satisfactorily determined in an action at law.

Plaintiff, however, complains that he is in an embarrassing position. On the one hand, defendant states it will not perform. On the other hand, plaintiff is being called upon to perform under his own commitments with third persons. He says that if the agreement with the defendant is not effective it is incumbent on him to take one course of procedure, and if it is enforcible, then another course is indicated. The dilemma is entirely a mental creation of plaintiff's. The contract is terminated by defendant's breach, and that makes it necessary for plaintiff to cancel his commitments to third parties pursuant to such contract. If the termination was wrongful, plaintiff is entitled to compensatory damages, in which the expenses incurred by him in good faith will enter as an element.

I, therefore, decide that the complaint does not state a cause of action for a declaratory judgment, and grant the motion to dismiss it, with leave, however, to serve an amended complaint embodying a different form of relief within twenty days after the entry of the order and notice thereof. Settle order.