GILBERT MILLER, as Executor, etc., Plaintiff, *v.* E. & M. THEATRE CORPORATION and Others, Defendants.

Supreme Court, New York County, May, 1929.

*Max D. Steuer*, for the plaintiff.

*Saul J. Baron* and *Charles M. Craig*, for the defendants.

COTILLO, J.   Plaintiff seeks to rescind a certain agreement which he made, as executor and trustee of the estate of Henry Miller, with defendant Erlanger.

The evidence shows that on or about January 1, 1917, plaintiff's testator became the owner of certain premises known as the Henry Miller Theatre under a lease expiring July 31, 1937, with option to renew for twenty years.   On June 17, 1924, the deceased sublet the premises to himself and defendant Erlanger for a period of five years

from September 1, 1924, to September 1, 1929, without any privilege of renewal. This sublease contained a provision that, in the event of death of either of the sublessees, namely, Henry Miller and Erlanger, the sublease should terminate. The two sublessees then entered into an agreement for the joint operation of the theatre and organized a corporation known as the E. & M. Theatre Corporation, in which they each had a fifty per cent interest, and to which corporation the sublease was formerly assigned.

Henry Miller died on April 9, 1926, and the plaintiff duly qualified as his executor and trustee, and on May 20, 1926, entered into an agreement with defendant Erlanger in which the two parties recited that they were each owners of 300 shares of the capital stock of the E. & M. Theatre Corporation, that Erlanger was to hold the office of treasurer and Miller that of president, and that they would co-operate in the general direction, control and operation of the theatre. This agreement seems to have been adopted or ratified by the E. & M. Theatre Corporation.

While the lease from Henry Miller to himself and Erlanger provided for its cancellation in the event of death of either party, nevertheless it seems to have been continued by plaintiff as executor and trustee of the estate. In any event, there is no question that the plaintiff, as executor, accepted the rent under the lease continuously. I have no doubt that plaintiff's conduct in the matter has been such as to estop him from denying that the lease was to be continued until September 1, 1929, at least. Furthermore, it would seem that the very assignment of the sublease to the E. & M. Theatre Corporation might be deemed to supersede the provision in the original sublease that it was to terminate upon the death of either sublessee. The organization of the corporation would seem to evince the intention of the parties to continue the sublease in effect throughout the term specified. As plaintiff as trustee had the power under the will to control the status of the 300 shares of stock of the E. & M. Theatre Corporation, there was nothing illegal or *ultra vires* about that feature of the contract of 1926.

The remaining question is whether plaintiff should be permitted to amend the complaint and to secure a declaration of the rights of the defendants to an extension of the lease beyond September 1, 1929. I see nothing in the case of *Loesch* v. *Manhattan Life Insurance Co.* (128 Misc. 232), which would make unavailable a declaration of rights pointing to the rights of the parties in the future and prior to a breach. The very action in its original form brought by plaintiff presents a controversy both as to accrued rights, and inferentially as to future rights. The plaintiff is, therefore, entitled to such a declaratory judgment, the only question

being whether the sublease should be held to extend beyond September 1, 1929.

There is nothing in the agreement of May, 1926, which expressly points to an extension of the sublease beyond September, 1929. If the latter expires on that date, then, of course, the assignee of the sublease, namely, the E. & M. Theatre Corporation, steps out then. Even if a lease for an indefinite period beyond 1929, measured by the length of the principal lease, could be spelled out of the agreement of May, 1926, the power of the trustee to make such lease would be highly questionable. It is very true that the will gives him the right to collect rents and to lease property, but such a power to lease must be limited by the maximum term provided by section 106 of the Real Property Law (as amd. by Laws of 1923, chap. 644), namely, five years. Beyond that term, such lease is invalid without an application to the Supreme Court. In *Matter of Armory Board* (29 Misc. 174) we find the following expression which seems to sustain this view: " It will be observed that there is no power expressed in the will which *specifically authorizes the trustees to lease the real estate for any specified period.* It is true that at the outset, in expressing the terms of the trust estate which the testator created, he directed his executors, as trustees, to rent the trust property and to receive the rents, issues and profits thereof; but he says nothing with respect to the term for which leases may be made, nor is there any other direction given in any way affecting the powers of the trustees in thus dealing with the property. *In fact, the provision in this regard amounts to nothing more than is necessarily to be implied in the creation of a trust to receive rents and profits.* The duty of receiving rents and profits imports a power to do that which is necessary in order that the rents may be realized." (Italics mine.)

There will be judgment for the defendant dismissing the complaint as to the demand for rescission of the contract of May, 1926; the complaint will be deemed amended to conform with the proofs, and there will be judgment for the plaintiff declaring that a sublease held by the E. & M. Theatre Corporation by assignment terminates as of September 1, 1929. There will be no costs to either party as against the other.

Submit decision and judgment accordingly on notice.