ROSE VILLANI, Plaintiff, *v.* NATIONAL CITY BANK OF NEW YORK, Defendant.

Supreme Court, Bronx County, April 15, 1932.

*Ira H. Ruben*, for the plaintiff.

*William Lurie*, for the defendant.

HAMMER, J.   This motion is to dismiss the complaint for failure to state a cause of action.   In form, the action is for a declaratory judgment.   The facts alleged are the following:

The Bank of America National Association was merged with the defendant on November 28, 1931.   Prior thereto, and between June 20, 1931, and September 8, 1931, the plaintiff deposited with the Bank of America National Association, and it agreed to repay, the sum of $6,600 on July 1, 1932, and $1,100 on September 8, 1932.   Plaintiff's bank book has been lost, stolen or destroyed, and she demanded a new book.   The defendant refused to deliver the new book, and has denied the existence of any such account, bank book or deposits.   Plaintiff has no adequate remedy at law.

The declaratory judgment sought is that the plaintiff has on deposit the balances mentioned; that defendant be adjudged indebted for same when the said debts mature; and that defendant be ordered to deliver to plaintiff its bank book containing entries of said amounts.   The prayer for judgment in a complaint adds nothing which will supply a lack of facts sufficient to constitute a cause of action.   The complaint must stand or fall on the facts alleged.   This complaint alleges a contract between plaintiff and defendant, or its predecessors, to the rights and liabilities under which defendant succeeded.

The fact then is that the contract exists.   The amounts to be paid under the contract are definite and certain.   They are stated in the complaint.   The times of payment are fixed.   They also are stated.   It might be expected that the plaintiff would wait until the times of payment arrived, and then demand payment, and, upon refusal, bring suit.   This action for a declaratory judgment seems to be brought to accelerate relief, appropriate and timely, when and if the anticipated repudiation, breach and non-payment occur.   The allegation that the defendant denies the existence of the deposits, account and bank book does not affect the existence of the contract.   The refusal to deliver a new book does not give rise to a cause of action, as no facts are alleged from which an obligation of such delivery is shown, nor does any such obligation exist, as matter of law.   On the facts alleged, plaintiff would have an action at law when the time of payment arrives and payment is refused, or the contract repudiated.   Repudiation in advance of the right to collect upon the contract does not affect the right of plaintiff to then bring the appropriate action for the collection of the deposits against the defendant.   Such action cannot, however, be brought until the right to bring the same accrues, by reason of non-payment when due, or the repudiation of the contract at that time.   A declaratory judgment cannot bring

into existence a contract if there is none. Nor, assuming the contract alleged by plaintiff, can a declaratory judgment make the terms any more definite and certain than they are shown to be by the statement of same in plaintiff's complaint. There is no ambiguity about the contract, its terms, the amount of the deposits, or the time of payment. As plaintiff states them, they are clear, definite and certain. The facts alleged do not give rise to a right in favor of the plaintiff, enforcible at the present time, in an action at law for the collection of the amounts deposited. Taken as true, the facts clearly establish that there is no necessity for, or useful purpose to be served by, a declaratory judgment, and accordingly no cause of action therefor is stated. (See *James* v. *Alderton Dock Yards*, 256 N. Y. 298; *Kelly* v. *Security Mutual Life Insurance Co.*, 186 id. 16; *Werner* v. *Werner*, 169 App. Div. 9; *Benecke* v. *Haebler*, 38 id. 344; affd., 166 N. Y. 631; *Loesch* v. *Manhattan Life Insurance Co.*, 128 Misc. 232; affd., 220 App. Div. 828.)

Motion granted and complaint dismissed, with costs.