[No. 28505. Department One. April 18, 1942.]

TRINITY UNIVERSAL INSURANCE COMPANY, *Respondent,* v. CARL A. WILLRICH, *Defendant,* MARY GORC, *Individually and as Administratrix, et al., Appellants.*[1]

[1]Reported in 124 P. (2d) 950.

*Adoll B. Englund* and *Harry S. Redpath*, for appellants.

*Whittemore & Truscott* and *Arthur L. Haugan*, for respondent. .

STEINERT, J.—Plaintiff instituted this action under the uniform declaratory judgments act, seeking adjudication of its rights and liabilities arising out of an automobile liability insurance policy issued by it to defendant, Carl A. Willrich. It joined as additional defendants certain other persons who at the time were claiming damages from Willrich for injuries and loss sustained by them in a vehicular collision in which a truck owned and operated by Willrich was involved. The trial court made findings upon which it entered

judgment declaring that the insurance policy was of no force or effect at the time of the accident. The defendants who were claiming damages against Willrich have appealed from the declaratory judgment; Willrich, the insured, however, has taken no appeal.

On November 10, 1939, the respondent insurance company issued to defendant Carl A. Willrich its casualty insurance policy affording certain specified coverages. The insuring agreement obligated respondent to pay, on behalf of the insured, all sums which the latter should be held to pay by reason of liability imposed upon him by law for damages because of injury, to person or property, arising out of the ownership, maintenance, or use of a certain Ford truck. Willrich's address, as stated in the policy, was Marblemount, Washington.

The insurance policy was to run for a period of one year from its date, or until November 10, 1940. The important provision in the policy, so far as the issues here involved are concerned, is the cancellation clause, which was specifically made one of the conditions of the contract. It reads in part as follows:

"Cancellation. This policy may be cancelled by the Named Insured by mailing written notice to the Company stating when thereafter such cancellation shall be effective, in which case the Company shall, upon demand, refund the excess of premium paid by such Insured above the customary short rate premium for the expired term. This Policy may be cancelled by the Company by mailing written notice to the Named Insured at the address shown in this policy stating when not less than five days thereafter such cancellation shall be effective, and upon demand the Company shall refund the excess of premium paid by such Insured above the pro rata premium for the expired term. The mailing of notice as aforesaid shall be sufficient proof of notice and the insurance under this policy as aforesaid shall end on the effective date and hour of cancellation stated in the notice."

We are in this case concerned only with the provision having reference to notice of cancellation to be given by the company.

On July 1, 1940, respondent's general agent in Seattle, having received information to the effect that Willrich was not a careful and responsible driver, mailed to him at Marblemount, Washington, which was the address stated in the policy, a written notice of cancellation thereof, effective midnight July 8, 1940. At the time of mailing the notice, respondent's agent obtained from the postoffice a slip acknowledging receipt of "one piece of ordinary mail addressed to Mr. C. A. Willrich, Marblemount, Wn." Although there is no dispute as to the fact that the notice was mailed, Willrich testified, and the trial court found, that he did not actually receive the notice. No question is here raised concerning refund to Willrich of the unearned premium, and the proof is that it was duly forwarded by respondent's agent in the usual course of its business a short time after the notice of cancellation was mailed.

On July 23, 1940, which was after the effective date of cancellation specified in the written notice referred to above, Willrich, while operating the truck covered by the policy here in question, collided with an automobile owned by Frank Krashovetz and occupied by Mary Gorc and Jerry Krashovetz. In that collision Mrs. Willrich was killed, Mary Gorc and Jerry Krashovetz were seriously injured, and the Krashovetz automobile was badly damaged. Mary Gorc, with whom was joined her husband (since deceased), and Frank and Jerry Krashovetz subsequently instituted a joint action against Willrich to recover damages for the injuries and loss sustained by them. Willrich thereupon tendered the defense of that action to respondent, with demand for protection under the terms

of his insurance policy. Respondent accepted the defense, but only after entering into a written non-waiver agreement with Willrich expressly reserving respondent's right to contest the validity and further existence of the policy after July 8, 1940, to institute declaratory judgment proceedings for the purpose of determining its rights and liabilities under the contract of insurance, and to withdraw from the defense of the damage action at any time it might choose to do so.

Respondent then instituted this action to obtain a declaratory judgment with reference to its rights and liabilities under the policy and at about the same time procured from the plaintiffs in the damage action, appellants herein, a stipulation that the trial of their action against Willrich might be delayed until the present cause should be finally determined.

The first question to be decided on this appeal is whether the trial court had jurisdiction to entertain this proceeding for a declaratory judgment inasmuch as the case involves not merely questions of law but a question of fact as well. Appellants contend that this is not a proper case for a declaratory judgment action, because it was necessary for the court to determine that the notice of cancellation was actually mailed before it could pass upon the legal sufficiency of such notice when not received by the insured. The fact of mailing, be it noted, was incontrovertibly established by the evidence.

The uniform declaratory judgments act of this state, Rem. Rev. Stat. (Sup.), § 784-1 to § 784-17 [P. C. § 8108-21 to 8108-37], provides, so far as is material here, as follows:

"Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. An action or proceeding shall

not be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree." Rem. Rev. Stat. (Sup.), § 784-1.

"A person interested under a . . . written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status or other legal relations thereunder." Rem. Rev. Stat. (Sup.), § 784-2.

"When a proceeding under this act involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions, in the court in which the proceeding is pending." Rem. Rev. Stat. (Sup.), § 784-9.

"This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered." Rem. Rev. Stat. (Sup.), § 784-12.

It is clear from these sections of the statute, particularly § 784-9 [P. C. § 8108-29], that the act contemplates that, in an action for the declaration of rights, status, and other legal relations, questions of fact may be contemporaneously determined. It is now a generally accepted principle of law throughout the United States that, in such actions, the courts have the power to determine questions of fact when necessary or incidental to the declaration of legal relations. *Aetna Life Ins. Co. v. Haworth*, 300 U. S. 227, 81 L. Ed. 617, 57 S. Ct. 461, 108 A. L. R. 1000, rehearing denied, 300 U. S. 687, 81 L. Ed. 889, 57 S. Ct. 667; *Associated Indemnity Corp. v. Manning* (C. C. A. 9th), 92 F. (2d) 168; *Dunleer Co. v. Minter Homes Corp.* (S. D. W. Va.),

33 F. Supp. 242; *Tolle v. Struve,* 124 Cal. App. 263, 12 P. (2d) 61; *Herrlein v. Tocchini,* 128 Cal. App. 612, 18 P. (2d) 73; *R. G. Hamilton Corp. v. Corum,* 218 Cal. 92, 21 P. (2d) 413; *Zimmer v. Gorelink,* 42 Cal. App. (2d) 440, 109 P. (2d) 34; *Supreme Tent of the Knights of the Maccabees v. Dupriest,* 235 Ky. 46, 29 S. W. (2d) 599; *Muskegon Heights v. Danigelis,* 253 Mich. 260, 235 N. W. 83, 73 A. L. R. 696; *Faulkner v. Keene,* 85 N. H. 147, 155 Atl. 195; *Honetsky v. Russian Consolidated Mutual Aid Society of America,* 114 N. J. L. 240, 176 Atl. 670; *National Liberty Ins. Co. of America v. Silva,* 43 N. M. 283, 92 P. (2d) 161; *Loesch v. Manhattan Life Ins. Co.,* 128 Misc. 232, 218 N. Y. Supp. 412, affirmed without opinion, 220 App. Div. 828, 222 N. Y. Supp. 845; *Town Board of Greece v. Murray,* 130 Misc. 55, 223 N. Y. Supp. 606; *Dun & Bradstreet v. New York,* 168 Misc. 215, 5 N. Y. S. (2d) 597; *Kariher's Petition,* 284 Pa. 455, 131 Atl. 265; *Holly Sugar Corp. v. Fritzler,* 42 Wyo. 446, 296 Pac. 206; Borchard, Declaratory Judgments (2d ed. 1941), 393, 396, *et seq.*; 16 Am. Jur. 294, Declaratory Judgments, § 20; 1 C. J. S. 1031, Actions, § 18(10). See, also, *Associated Indemnity Corp. v. Wachsmith,* 2 Wn. (2d) 679, 99 P. (2d) 420, 127 A. L. R. 531, where the trial court, in an action for a declaratory judgment, made findings of fact preliminary to declaring the rights and duties of the plaintiff under its policy of liability insurance.

A second question for our determination is raised by appellant's contention that our holding in *Peoples Park & Amusement Ass'n v. Anrooney,* 200 Wash. 51, 93 P. (2d) 362, is applicable here. That case held that a lessor may maintain an action under the declaratory judgments law to determine the validity of a lease, but that he may not invoke a declaration as to the rights of parties to a contract where the controversy relates to acts which have already been

committed and for the redress of which there exist other well-established and satisfactory remedies. The qualification imposed by the latter statement does not apply here, for the reason that any other remedy which respondent herein might have had would have been circuitous and far from satisfactory. If appellants had been permitted to proceed with their damage action and had obtained judgment against Willrich, they would then probably have instituted suit against respondent to recover from it the amount of their judgment against Willrich, the insured. Respondent would therefore have been required to defend not only the tort action against Willrich, but the subsequent suit against itself as well. Under such circumstances it would not have had a satisfactory remedy for the assertion of its claim that it was no longer liable on the insurance policy previously issued to Willrich.

In our opinion, the declaratory judgments law is peculiarly adapted and intended for the settlement of controversies such as that presented here. In cases involving liability insurance, the insurance company's right to a judicial declaration of liability or nonliability upon the happening of an accident has been fully recognized by the courts. *Maryland Cas. Co. v. Hubbard* (S. D. Cal.), 22 F. Supp. 697, and cases therein cited; note (1939) 123 A. L. R. 285; Borchard, Declaratory Judgments (2d ed. 1941) 635; 16 Am. Jur. 311, Declaratory Judgments, § 35.

■ The third question involved on this appeal is whether the court, in a declaratory judgment action brought to determine disputed questions relative to the coverage and cancellation of an insurance policy, has jurisdiction to adjudicate the rights of third parties who are asserting claims for damages against the insured and who have for that reason been brought into the declaratory action. Stated in another form, the

question is whether third party claimants are proper parties in a declaratory action of this sort.

Rem. Rev. Stat. (Sup.), § 784-11 [P. C. § 8108-31], provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. . . ."

The appellants in this action have claims which may, and probably will, be vitally affected· by the declaration in this case, for if they recover judgment against Willrich, they will have the right to compel respondent to pay that judgment, unless in some proceeding binding on them the respondent establishes its nonliability as insurer at the time of the accident. Were appellants not made parties herein, the declaration now sought by respondent could not be asserted to the prejudice of appellants' rights.

Whenever the question has arisen, at least in recent years, it has been held that third party damage claimants, such as appellants in this case, are proper, and in some cases even necessary, parties to the declaratory action. *Maryland Cas. Co. v. Pacific Coal & Oil Co.* (1941), 312 U. S. 270, 85 L. Ed. 826, 61 S. Ct. 510; *Central Surety & Ins. Co. v. Caswell* (C. C. A. 5th, 1937), 91 F. (2d) 607; *Associated Indemnity Corp. v. Manning* (C. C. A. 9th, 1937), 92 F. (2d) 168, reversing (W. D. Wash., 1936) 16 F. Supp. 430; *Farm Bureau Mut. Automobile Ins. Co. v. Daniel* (C. C. A. 4th, 1937), 92 F. (2d) 838; *United States Fidelity & Guaranty Co. v. Pierson* (C. C. A. 8th, 1938), 97 F. (2d) 560; *Maryland Cas. Co. v. Consumers Finance Service* (C. C. A. 3rd, 1938), 101 F. (2d) 514; *Central Surety & Ins. Co. v. Norris* (C. C. A. 5th, 1939), 103 F. (2d) 116; *Maryland Cas. Co. v. United Corp.* (C. C. A. 1st, 1940), 111

F. (2d) 443; *Ohio Cas. Ins. Co. v. Plummer* (S. D. Texas, 1935), 13 F. Supp. 169; *Commercial Cas. Ins. Co. v. Humphrey* (S. D. Texas, 1935), 13 F. Supp. 174; *Builders & Manufacturers Mut. Cas. Co. v. Paquette* (D. Maine, 1938), 21 F. Supp. 858; *United States Fidelity & Guaranty Co. v. Hearn* (1936), 233 Ala. 31, 170 So. 59; Borchard, Declaratory Judgments (2d ed. 1941) 635ff, 668ff. Accord, *Aetna Cas. & Surety Co. v. Yeatts* (C. C. A. 4th, 1938), 99 F. (2d) 665; *Utica Mut. Ins. Co. v. Hamera* (1936), 162 Misc. 169, 292 N. Y. Supp. 811. In our opinion, both the statute and the authorities compel an affirmative answer to the third question.

The fourth question involved on the appeal is this: Does mailing of written notice of cancellation in the manner stipulated in an automobile liability insurance policy effect cancellation of the policy without proof that the insured actually received the notice, where the policy stipulates that the mailing of such notice to the insured at his address stated therein shall be sufficient proof of notice and shall terminate the insurance on the effective date specified, and where, further, such stipulation does not contravene any statute and does not offend against public policy?

█ The relation between an insurer and an insured is purely a contractual one. *Richards v. Metropolitan Life Ins. Co.*, 184 Wash. 595, 55 P. (2d) 1067; 29 Am. Jur. 141, Insurance, § 126; 32 C. J. 1091, Insurance, § 175. It is axiomatic that competent persons may make such a contract for insurance as they may see fit, provided that it does not contravene any provision of statutory law and is not opposed to public policy. *Kearns v. Penn Mut. Life Ins. Co.*, 178 Wash. 235, 246, 34 P. (2d) 888, 893; *Isaacson Iron Works v. Ocean Accident & Guarantee Corp., Ltd.*, 191 Wash.

221, 70 P. (2d) 1026; 1 Couch, Cyclopedia of Insurance Law (1929) 78, § 57.

It follows, therefore, that, in the absence of some statutory provision to the contrary, an insurance company may seek to limit its liability and to impose restrictions and limitations upon its contractual obligations not inconsistent with public policy. *Cosgrove v. National Cas. Co.*, 177 Wash. 211, 31 P. (2d) 80; 29 Am. Jur. 434, Insurance, § 537; 32 C. J. 1091, Insurance, § 175.

It will be recalled that, by the terms of the insurance contract here involved, it was agreed that the policy might be canceled by the insurance company by mailing a written notice to the insured at his address shown in the instrument, specifying in such notice the effective date of cancellation not less than five days after the mailing; that mailing of such notice should be sufficient proof of notice to the insured; and that the policy should terminate on the effective date of cancellation stated in the notice. In this instance, the notice which was sent by respondent's agent complied with all the requirements of the cancellation clause.

There is no statute in this state which prescribes, limits, or restricts the manner of giving notice of cancellation of casualty insurance policies of the kind with which we are here concerned, and we are aware of no reason prompted by public policy which would prevent persons from voluntarily entering into a contract containing conditions such as those set forth in the cancellation clause of the policy here in question.

While we have no decision in this state directly upon the question here presented, the more recent and, we think, the better reasoned cases from other jurisdictions sustain the validity of such cancellation clauses and hold that the mailing of written notice, in accordance with the provisions of such a clause, is sufficient,

whether or not such notice is actually received by the insured. *Seaboard Mut. Cas. Co. v. Profit* (C. C. A. 4th, 1940), 108 F. (2d) 597, 126 A. L. R. 1105; *Home Ins. Co. v. Jones* (1936), 192 Ark. 916, 95 S. W. (2d) 894; *St. Paul Fire & Marine Ins. Co. v. C. I. T. Corp.* (1936), 55 Ga. App. 101, 189 S. E. 390; *Sorensen v. Farmers Mut. Hail Ins. Ass'n* (1939), 226 Iowa 1316, 286 N. W. 494, 123 A. L. R. 1000; *Paloeian v. Day* (1938), 299 Mass. 586, 13 N. E. (2d) 398 (under a statute making mailing sufficient notice); *Cuttle v. Concordia Mut. Fire Ins. Co.* (1939), 290 Mich. 117, 287 N. W. 401; *Dent v. Monarch Life Ins. Co.* (1936), 231 Mo. App. 283, 98 S. W. (2d) 123; *Raiken v. Commercial Cas. Ins. Co.* (Sup. Ct. of N. J. 1926), 135 Atl. 479; *McBride v. New Amsterdam Cas. Co.* (Sup. Ct. 1934), 12 N. J. Misc. 617, 173 Atl. 346; *California-Western States Life Ins. Co. v. Williams* (Tex. Civ. App. 1938), 120 S. W. (2d) 844. See *Wolonter v. United States Cas. Co.* (1919), 126 Va. 156, 166, 101 S. E. 58, 61.

The substance of the holdings in the cases just cited is that, where there is no statute upon the subject, the parties to the contract of insurance may agree as to the form and manner in which notice of cancellation shall or may be given; that, when the parties to the contract have so agreed, they are both bound thereby, and the courts will not attempt to rewrite the contract for them nor interpolate conditions which cannot be reasonably implied; and that, when a cancellation notice is given in the manner provided in the policy, it constitutes sufficient notice, and the policy is thereby canceled, relieving the insurer from liability for any loss occurring thereafter.

Appellants have cited a number of cases holding contrary to the rule above stated and have quoted from several treatises lending support to their contention that notice of cancellation mailed by the insurer

does not become effective unless it is received by the insured. It may be conceded that there is a conflict of authority upon the question. Much of the apparent conflict, however, may be ascribed to the variation in the facts of the cases and to the difference in the provisions of the policies or governing statutes involved therein. Some of the older cases involved a form of policy wherein the parties made no stipulation that mailing of notice should be sufficient, as was provided in the policy before us; other cases were based on statutes which precluded such stipulations with respect to giving notice by mail; and still other cases turn upon the failure of the insurer to comply strictly with the cancellation provisions of the policy. Despite the conflict, real or apparent, we are of the view that a provision in a policy of liability insurance permitting notice of cancellation by mail is valid; that when the parties to the contract agree to the inclusion of such a condition in the policy they are mutually bound thereby; and that when notice is given in the manner stipulated it is sufficient and effective, regardless of whether or not it is actually received by the insured.

The judgment is affirmed.

ROBINSON, C. J., MAIN, MILLARD, and DRIVER, JJ., concur.