MARVIN, Judge.
Plaintiff’s demands against his automobile collision insurer were rejected because the lower court applied the law of the state where the policy was written and where the plaintiff then resided. We affirm.
The policy was written September 4, 1974, in Seattle, Washington. On October 18, 1974, the insurer mailed a cancellation notice to plaintiff at the address furnished by plaintiff on the application for the policy. Other notices of cancellation were later mailed to plaintiff, but apparently none were received by plaintiff until plaintiff’s credit union (loss payee on the policy) received a copy of the notice of cancellation and informed plaintiff about November 20, 1974, of the cancellation and the necessity of plaintiff obtaining other insurance. Plaintiff was serving in the U. S. Navy during this time, but was residing and was sleeping each night at his civilian address in Seattle. The coverage issue arose when plaintiff’s automobile sustained damage in a collision while being driven in Louisiana by plaintiff’s wife on November 16, 1974.
Whether (and when) the cancellation was effective is to be determined by the law of Washington. Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972); Jahrman v. Valley Air Park, Inc., 333 So.2d 712 (La.App. 2d Cir., 1976).
The Revised Code of Washington, Statute 48.18.291 provides:
“No contract of insurance predicated upon the use of a private passenger automobile shall be terminated by cancellation by the insurer until at least twenty days after mailing written notice of cancellation to the named insured at the latest address filed with the insurer, by or on behalf of the named insured.”
The policy in question contains a similar cancellation provision.
Washington courts have upheld the mailing procedure to effect cancellation even though receipt of the notice by the insured is not shown. Trinity Universal Insurance Company v. Willrich, 13 Wash.2d 263, 124 P.2d 950 (1942). We are obliged to follow Washington law under the factual circumstances, notwithstanding that our law may impose more stringent obligations on the insurer to effect cancellation and that our law might compel an opposite result.[1]
Under Washington law the cancellation became effective twenty days after the date of the first mailing of the notice (October 18, 1974) and before the collision damage of November 16, 1974. At appellant’s cost, judgment is
AFFIRMED.

. Cases cited by appellant include Foster v. Nunmaker Discount Company (La.App., 4th Cir., 1967) 201 So.2d 215; Breitenbach v. Green (La.App., 4th Cir., 1966) 186 So.2d 712; Ellzey v. Hardware Mut. Ins. Co. of Minnesota (La.App., 1st Cir., 1949) 40 So.2d 24; Long v. Home Indemnity Co. of New York (La.App., 2nd Cir., 1936) 169 So. 154.