Loni Rowe DAVIS, Individually and next friend of Stephen Rowe and Lisa Rowe and Deppy DeWitt Jacquess, Appellants,

v.

DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY OF TEXAS and Dairyland Insurance Company, Appellees.

No. 19932.

Court of Civil Appeals of Texas, Dallas.

May 22, 1979.

Rehearing Denied June 19, 1979.

Roger D. Bush, Dallas, for appellants.

Jeffrey S. Lynch, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellees.

Before AKIN, ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

This is an appeal from a summary judgment in favor of appellees Dairyland County Mutual Insurance Company of Texas and Dairyland Insurance Company. The trial court held that a prior declaratory judgment barred the claims of appellant-intervenor, Deppy DeWitt Jacquess, and appellant Loni Rowe (Davis), individually and as next friend of her two minor children because of the doctrines of res judicata and collateral estoppel, respectively. On appeal, appellants challenge the validity of the declaratory judgment, arguing that no justiciable controversy existed at the time the judgment was granted. We hold that a justiciable controversy existed regarding the cancellation of an insurance policy and thus, the declaratory judgment is valid. Accordingly, we affirm.

Jacquess purchased a six-month automobile liability insurance policy from Dairyland through an agent, Ace Insurance Company, on May 13, 1970. He financed one-half of the premium through Time Installment Acceptance Company which paid Dairyland in full. This premium finance contract stated that Time had a security interest in the policy and the power of attorney to "sign and/or execute . . . any and all notices necessary to effect cancellation of said policy." Jacquess' payments to Time were due on the first of June, July and August; he made the first of these but defaulted on the July payment. On July 1, Time sent Jacquess a notice of cancellation and on July 10, Time telephoned Ace and requested cancellation on the policy. Ace sent Jacquess a cancellation notice setting July 21, 1970, as the cancellation date. Jacquess had moved, however, and did not receive this notice. Dairyland sent Ace a refund of the unearned premium to be returned to Jacquess.

On July 30, 1970, Jacquess had a car accident resulting in the death of one of his passengers, Stephen Rowe. On November 18, 1970, Ace contacted the Rowes and informed them that the policy was cancelled. The Rowes brought a wrongful death action against Jacquess in March of 1971. Dairy-

land defended Jacquess in this action only after executing a nonwaiver agreement which provided that any investigation or defense undertaken by Dairyland was without prejudice to Dairyland's right to deny coverage as well as to assert any policy defenses. The trial court granted a judgment for the Rowes in 1972. Being unable to collect that judgment, the Rowes brought this action. Although Jacquess assigned his cause of action against Dairyland to the Rowes on May 6, 1976, he has intervened in this lawsuit.

Dairyland filed a declaratory judgment action in Bell County on July 14, 1971, naming Jacquess and the Rowes as defendants. The Rowes filed an answer but were later non-suited. In its judgment rendered on September 29, 1971, the court held that the insurance policy was cancelled prior to the occurrence of the accident and that no duty to defend existed on the part of Dairyland.

■ The principal question on this appeal is whether the declaratory judgment is valid. It is well established that Tex.Rev. Civ.Stat.Ann. art. 2524–1 (Vernon 1965), The Uniform Declaratory Judgments Act does not give a court the power to render advisory opinions or determine questions not essential to the decision of an actual controversy. *Firemen's Insurance Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331 (Tex.1968). Appellants contend that no justiciable controversy existed when the declaratory judgment was rendered since Jacquess' liability had not been established at the time of the declaratory judgment suit. To constitute a justiciable controversy for declaratory judgment purposes, there must be a real and substantial controversy involving a genuine conflict of tangible interest rather than a theoretical one. *Sub-Surface Construction Co. v. Bryant-Curington, Inc.*, 533 S.W.2d 452 (Tex.Civ.App.—Austin 1976, writ ref'd n. r. e.). The question presented to the Bell County District Court was whether the insurance contract had been cancelled prior to the accident. Tex. Rev.Civ.Stat.Ann. art. 2524–1 § 2 (Vernon 1965) states that the question of the validity of a contract is a proper subject for declaratory relief. The question of cancellation was not a theoretical one or one that depended on the occurrence of some future event. All steps necessary to cancel the contract had been taken prior to the filing of the declaratory judgment action and nothing occurring after the rendition of the declaratory judgment could have effected the existence of the issue decided. We hold that whether the contract was cancelled prior to the accident was a justiciable controversy and thus, a proper subject for a declaratory judgment. Therefore, the declaratory judgment is valid.

In *Trinity Universal Ins. Co. v. Willrich*, 13 Wash.2d 263, 124 P.2d 950 (1942), the Washington Supreme Court dealt with a situation almost identical to the one in this case. In *Willrich* the insurance company mailed the insured notice of cancellation, but the insured did not receive it until after an accident occurred injuring a third party. The third party sued the insured who was defended by the insurance company under a nonwaiver agreement. Seeking to determine whether the policy had been cancelled, the company filed a declaratory judgment action. The supreme court held that the issue of cancellation was a justiciable controversy and, thus, under the Washington Declaratory Judgment Statute,[1] was a proper question for declaratory relief. The Washington Supreme Court noted in their opinion that "[t]he declaratory judgment law is peculiarly adapted and intended for the settlement of controversies such as that presented here." 124 P.2d at 953. This case fully supports our holding.

The Rowes' claims against appellees are derived from the assignment of Jacquess' claims. Consequently, they can stand in no better position than he did at the time of the accident. Since the insurance contract was cancelled prior to the occurrence of the accident, any claims that Jacquess or the Rowes have are barred by the Bell County declaratory judgment to that effect.

Affirmed.

1. Washington had also adopted the Uniform Declaratory Judgments Act.