CHICAGO—FIRST DISTRICT—OCTOBER, 1917.    121

Stiefel v. Amalgamated S. M. W. L. U. No. 73, 208 Ill. App. 121.

# Clara Stiefel, Individually and as Administratrix of the Estate of Abraham Stiefel, Deceased, Defendant in Error, v. Amalgamated Sheet Metal Workers' Local Union No. 73, International Alliance, Thomas Reading, Edgar Ray, B. A. Schooley and Paul Christmàn, Plaintiffs in Error.

## Gen. No. 22,521.

1. INSURANCE, § 782*—*when by-law of trade union does not prevent recovery on benefit certificate of member in arrears in dues.* The provisions of a by-law of a union that members who have been in good standing for the period of 1 year shall be entitled to death· benefits; that members can be admitted to the hall until they are 3 months in arrears; that when they are over 3 months in arrears they shall be suspended and that a suspended member forfeits all rights and privileges and is not entitled to any benefit, does not prevent the recovery of such benefits though at the time of the member's death his dues were unpaid for the quarter preceding it, where the evidence discloses no act of suspension but shows that he had attended meetings and had been admitted to the hall up to the time of his death, was in good standing at that time and had been for more than a year theretofore and that the organization had previously received dues in arrears from him as a member in good standing and collected money from the international organization after the member's death on representing that the latter had been "continuously in good standing" in the local organization for a period of 12 months or more before his death.

2. INSURANCE, § 887*—*when attendance card of trade unionist is admissible in action on benefit certificate.* In an action against a union to recover the death benefit of a member, it is not error to admit in evidence, for the purpose of showing that the deceased had attended the meetings of the union, an attendance card issued by the union for the purpose of showing the attendance of the member at the meetings pursuant to the by-laws, where the card was properly identified by the union's financial secretary and the purpose of its issuance was shown.

3. INSURANCE, § 793*—*when trade union is estopped to deny that a member is in good standing.* Where a local union, after a member's death, certifies to the international alliance of which

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

it is a member that such deceased member was a member of the local union in good standing for the year preceding his death and thereby obtained a sum of money for itself, it is estopped, in a suit against it to recover benefits due on the death of such member, to deny that he was in good standing for the year before his death.

Error to the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed October 31, 1917. Rehearing denied November 17, 1917.

CRUICE & LANGILLE, for plaintiffs in error; DANIEL L. CRUICE, of counsel.

BULKLEY, MORE & TALLMADGE, for defendant in error.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

Plaintiffs in error, who were the defendants below, seek to reverse a decree in favor of the defendant in error for the payment by defendant organization of $1,331, and the collection of that sum by the individual defendants, who were officers of the organization. The parties will be referred to as complainant and defendants. The facts briefly stated are as follows:

Complainant's intestate had, at the time of his death, been a dues-paying member of the defendant organization for about 15 years, and complainant was, under the rules of the organization, entitled to recover the sum mentioned in the decree if her intestate is to be considered as having been, at the time of his death, in good standing.

Article 12 of the defendant organization's by-laws provided that members who had been in good standing for the period of 1 year should be entitled to the death benefits; that members could be admitted to the hall until they were 3 months in arrears; that when they were over 3 months in arrears they should be

suspended, and that a suspended member forfeited all rights and privileges and was not entitled to any benefit.

The court found that the intestate's dues were unpaid for the last quarter preceding his death, but that he had attended meetings of the organization and had been admitted to the hall up until the time of his death; that no action or proceedings were taken to suspend him, and that at the time of his death he was in good standing, and had been for a period of more than 1 year prior to his death. The court further found, and it clearly appears from the evidence, that the defendant organization collected from the international organization the sum of $100 upon representing to the latter that the deceased had been "continuously in good standing" in the local union "for a period of 12 months or more before the time of his death."

The reversal of the decree is sought on the ground that the complainant's intestate, who died in January, had not paid his dues since the 1st day of July of the preceding year, and that the dues were required to be paid monthly. We are, however, of the opinion that this contention cannot be sustained. There is nothing in the language of the by-laws which indicates that suspension was automatically to follow a failure to pay dues within the specified time, and the evidence discloses no act of suspension, but, on the contrary, facts from which the chancellor was entitled to find that the defendant organization continued to treat complainant's intestate as a member in good standing up to the time of his death.

Defendants contend that the court erred in permitting the introduction of a certain attendance card. The card was, however, properly identified by the financial secretary of the defendant organization, and it was clearly shown that its purpose was to constitute evidence of the attendance of members by punch marks placed in the spaces in which the names of the

months appeared. It appears from the by-laws that members were required to attend meetings of the organization, and the organization prepared these cards and required them to be punched as proof of attendance. Where an organization has, in this manner, established a process for the creation of evidence of a certain fact, it is impossible to say that the evidence so created is not admissible in a court of law. Clearly, a card punched as this card was, was intended to be evidence that the holder has attended the meetings designated on the card, and it was, therefore, clearly admissible.

In view of the fact that no steps had been taken to suspend complainant's intestate, and that he was, on the contrary, treated as a member and admitted to the hall, and that, during the 15 years he was a member, dues in arrears had been on former occasions received by the defendant organization as from a member in good standing, the chancellor was, in our opinion, clearly justified in holding that complainant was entitled to recover the death benefit provided by the constitution and by-laws.

But there is another fact which, in itself, in our opinion, estopped the defendant organization from claiming that complainant's intestate was not entitled to the death benefit on the ground that her intestate was not in good standing for the year prior to his death, and that is, that it and its officers certified to the international alliance, of which it was a member, that the intestate was, in fact, a member of the defendant organization in good standing for the year prior to his death, and thereby obtained for the complainant the sum of $100. By that act, the defendants, with all the facts before them, finally passed upon the question, and they cannot now be heard to say that their statement was false. Their certificate to the international alliance constitutes, in our judgment, a

conclusive admission of the vital fact in controversy here. Defendants object to the portion of the decree which requires the individual defendants to levy an assessment and collect the same. As this, however, is the method provided for in the by-laws, and constitutes complainant's only remedy, we do not think the court erred in requiring it to be done.

In view of these conclusions, the decree of the Superior Court will be affirmed.

*Affirmed.*