[No. 21831. Department Two. August 28, 1929.]

TRANSIT LUMBER COMPANY, *Plaintiff*, v. INTERNATIONAL INDEMNITY COMPANY, *Appellant, and* NELSON MOTOR COMPANY, INCORPORATED, *Respondent.*[1]

*Danson, Lowe & Danson,* for appellant.

*James A. Brown,* for respondent.

FRENCH, J.—Some time prior to August, 1927, the Transit Lumber Company had purchased, under conditional sales contract, from the Nelson Motor Company, a motor truck, which motor truck was destroyed by fire on August 30, 1927. There was still due the Nelson Motor Company, on the motor truck, more than twelve hundred dollars at the time of the fire. A fire

[1]Reported in 280 Pac. 13.

insurance policy for twelve hundred dollars had been written covering the truck, the premium for which had been paid by the Transit Lumber Company, and a loss payable clause attached, which provided, in substance, that the loss should be payable to the Nelson Motor Company and the Transit Lumber Company as their interests appear. On August 24, the Pacific Mortgage Company, as the authorized agent of the insurance company, wrote the following letter to the Nelson Motor Company:

"In consideration of a return premium of five dollars ($5.00) hereby allowed assured, the amount of insurance hereunder is reduced to six hundred dollars.

"This indorsement to take effect on the 24th day of August, 1927, at noon.

"Nothing herein contained shall be held to vary, waive, alter or extend any of the terms, conditions, agreements or warranties of the undermentioned policy, other than as above stated. . . .

"Countersigned at Spokane, Washington, this 24th day of August, 1927.            Pacific Mortgage Co.
"Authorized Agent."

When this letter was received by the Nelson Motor Company, does not clearly appear from the record, the only testimony on the subject being: "Q. It was only a few days before the fire that you got this notice? A. Just three or four days, as I recall it."

The appellant, at all times, admitted liability to the extent of six hundred dollars. The Transit Lumber Company, however, after having made proper proof of loss, brought action to recover the twelve hundred dollars, joining as parties defendant the insurance company and the Nelson Motor Company. The cause was tried before the lower court without a jury, and a judgment rendered against the insurance company for the full amount of the policy, twelve hundred dollars, which amount was to be paid to the Nelson Motor

Company because of its interest in the truck. This appeal follows.

The entire question in this case resolves itself around the construction to be placed upon, and the effect of, the letter of August 24, above quoted. It is the claim of the insurance company that the policy of insurance was reduced to six hundred dollars, and it is the claim of the other parties to the action that the policy still remained in full force.

Section 7154, Rem. Comp. Stat., provides:

"Any fire insurance policy may be canceled at any time by the insurer giving the insured or his representative in charge of the property insured, and the mortgagee, if the insurance is for the benefit of the mortgagee, five days' notice of such cancellation, and if the premium has been actually paid, by paying in cash or mailing by registered letter with proper postage affixed thereto, addressed to the insured at his usual or last known postoffice address, a postoffice or express company money order or bank draft for the return premium computed at pro rata rate for the time the insurance has yet to run, or customary short rate where the insurance is canceled by the insurer, or, where the premium has not been paid, by the insured giving the insurer or its agents or agency, who issued the policy notice of such cancellation and paying the premium for the time the insurance has been in force computed at the customary short rate: . . ."

It is admitted in this case that no notice of the attempted cancellation, or reduction, whichever it may be called, was ever given to the Transit Lumber Company. Appellant's argument, however, proceeds on the theory that, when the policy is payable to a third party as his interests may appear, he is the only person who has any rights thereunder, citing a great many cases which hold that a policy of insurance inures to the benefit of the mortgagee, whether the policy, by its terms, requires the mortgagor to insure for the

benefit of the mortgagee or not, and arguing that, because of the fact that the Nelson Motor Company was the only party to whom the loss could be paid in case of a loss, it was therefore the only party to whom notice need be given in case of a reduction in the amount of the policy or cancellation thereof. But appellant's argument entirely overlooks the fact that, while this money could only have been paid to the Nelson Motor Company, it was paid for the benefit of the Transit Lumber Company, and reduced the indebtedness of the Transit Lumber Company by that exact amount. The Transit Lumber Company was as vitally interested in having this truck insured as was the Nelson Motor Company, and, in order to effectually cancel any portion of the insurance, it was necessary that notice be served upon all of the parties interested. *Bache v. Great Lakes Ins. Co.,* 151 Wash. 494, 276 Pac. 549.

There is also no proof that appellant repaid, or offered to repay the prorated amount of the premium upon the policy, and in order to effectually cancel that was necessary. *Snavely v. London Assurance Corp. of London,* 128 Wash. 47, 221 Pac. 611. Also, as heretofore pointed out, it does not appear from the record that this notice was served more than five days before the fire. Under the express terms of the statute, this must be done.

Appellant argues that the notice given is not a cancellation, but is only a modification agreement. We cannot so construe the notice. It abundantly appears in the record that the truck was worth more than the amount for which it was insured, and it was the intent and purpose of the parties to maintain at least twelve hundred dollars of insurance. After having written insurance in the full amount of twelve hundred dollars, any attempt to reduce this amount was in legal effect a cancellation of the policy and a rewriting thereof for

598

a lesser amount. This can be done only by notifying all of the parties interested and returning the excess premium.

We think this is a situation that clearly comes under the terms of the statute above quoted.

Judgment affirmed.

MILLARD, MAIN, TOLMAN, and PARKER, JJ., concur.