MAGNESS CONSTRUCTION CO. and Delaware Trust Company, corporations of the State of Delaware,

v.

OHIO FARMERS INSURANCE COMPANY, a corporation of the State of Ohio, Defendant and Third-Party Plaintiff,

v.

CRAYTON & PIPPIN, INC., a Delaware corporation, Third-Party Defendant and Fourth-Party Plaintiff,

v.

GOLDSBOROUGH-BARR INSURANCE AGENCY, INC., Fourth-Party Defendant.

Superior Court of Delaware, New Castle.

Dec. 29, 1969.

Clement C. Wood, of Allmond & Wood, Wilmington, for plaintiffs.

William F. Taylor, and Richard H. May, of Young, Conaway, Stargatt & Taylor, Wilmington, for Ohio Farmers Insurance Co.

Clifford B. Hearn, Jr., of Biggs & Battaglia, Wilmington, for Crayton & Pippin, Inc.

Robert K. Payson, of Potter, Anderson & Corroon, Wilmington, for Goldsborough-Barr Insurance Agency, Inc.

## OPINION

CHRISTIE, Judge.

Plaintiffs have filed a motion for summary judgment against the defendant Ohio Farmers Insurance Company. Ohio Farmers has filed a motion for summary judgment against Crayton & Pippin, Inc., the third party defendant. The facts upon which these motions are based are not in pertinent dispute.

Defendant Ohio Farmers, issued an insurance policy in the amount of $15,000. covering the loss by fire of a building owned by plaintiff, Magness, and mortgaged to plaintiff, Delaware Trust Company, the policy to run from March 5, 1959 until March 5, 1970. The policy was one of several on the building since no one company was willing to issue a policy covering the entire potential loss. The building was completely destroyed by fire on October 20, 1968. Ohio Farmers claims that the policy coverage was reduced to $5,000. prior to the fire. Plaintiffs claim that they were not notified of and did not consent to such a reduction in coverage and without such notice and consent the insurer could not reduce the amount of coverage.

Ohio Farmers third party action against Crayton & Pippin, Inc., arises out of the following additional facts. On August 26, 1968, the Ohio Farmers instructed Crayton & Pippin, its local agent, to reduce the coverage on the premises to $5,000. When Crayton & Pippin failed to respond, Ohio Farmers sent to them, on October 3, 1968, a reduction endorsement to be signed by the insured and returned to Ohio Farmers. On October 11, 1968, Crayton & Pippin mailed the endorsement to Goldsborough-Barr, insurance agent for the owner, Magness.

Goldsborough-Barr had been notified previously by telephone that Ohio Farmers was seeking a reduction in coverage. The endorsement remained in the Goldsborough-Barr offices until after the fire and was never presented to Magness or the Delaware Trust Company. Ohio Farmers, third party plaintiff, brings this motion for summary judgment against Crayton & Pippin, third party defendant, to recover for its alleged negligence in failing to follow promptly Ohio Farmers' instructions to notify the insured of the reduction in coverage. This motion will become moot unless the Court determines that the insurer had authority to unilaterally reduce coverage.

The first issue for determination is whether or not the insurer, under the cancellation provisions of this insurance policy, had authority to unilaterally reduce the amount of coverage. The pertinent policy provisions are as follows:

"This Company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for 10 days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this Company shall have the right, on like notice, to cancel this agreement."

"Mortgagee interest and obligations." * * * "If loss hereunder is made payable, in whole or in part, to a designated mortgagee not named herein as the insured, such interest in this policy may be cancelled by giving to such mortgagee a ten days' written notice of cancellation."

"Cancellation of policy." "This policy shall be cancelled at any time at the request of the insured, in which case this

Company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time. This policy may be cancelled at any time by this Company by giving to the insured a five days' written notice of cancellation with or without tender of the excess of paid premium above the pro rate premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand."

There is no provision in the policy for reduction of coverage.

The defendant, Ohio Farmers, argues that the right to cancel the policy implies a right to reduce coverage, since the consequences of reduction are less drastic than those of cancellation, and "half a loaf is better than none". It is defendant's further contention that the notice requirement was fulfilled when Goldsborough-Barr, insurance agent for the owner, received a copy of the reduction endorsement.

█ █ The Court finds the defendant's argument to be without merit. The right to cancel does not include the right to reduce coverage. See 3 Richards On Insurance § 531. An insurance contract cannot be partially cancelled or revised without the clear consent of both the insured and the insurer. Federal Land Bank v. Farmers' Mutual Insurance Association, 217 Iowa 1098, 253 N.W. 52 (1934). The cases cited by defendant in support of its argument are not in point, since they involve either a policy which clearly contains reduction provisions, Gill v. Fidelity Phenix Fire Insurance Co., 5 F.Supp. 1 (E.D.Ky. 1932) or the holding of the Court is based entirely upon non-compliance with the notice provisions contained within the policy. Transit Lumber Co. v. International Indemnity Co., 153 Wash. 594, 280 P. 13 (Sup.Ct.1929).

█ The actions of Ohio Farmers seem to indicate that it recognized that the consent of the insured was required in order to effectuate a reduction. The endorsement which finally reached Goldsborough-Barr was sent with instructions to have the "insured" sign it. It was not mere notice of reduction nor did it call for unilateral action. It was not worded as a cancellation with an offer of a new policy in a lesser amount. Since there was no authority contained within the policy provisions to permit Ohio Farmers to reduce coverage on the premises unilaterally and without the consent of the insured, the defense is without merit and plaintiffs' motion for summary judgment against Ohio Farmers Insurance Company is granted.

█ Based upon the foregoing, the next issue before the Court is whether or not Crayton & Pippin, Inc., third party defendant, is liable to Ohio Farmers Insurance Company, third party plaintiff, for failure to notify the insured promptly of the reduction in coverage of the insured's premises. Since Ohio Farmers lacked authority to effectuate unilaterally a reduction in coverage, its agent, Crayton & Pippin, cannot be held liable for failing to do that which the principal, Ohio Farmers, could not itself do. Since we have already held that reduction in coverage could come about only through the mutual consent of the insurer and the insured, Crayton & Pippin, as agent of the insurer, cannot be held responsible for failure to do that which only the insured could do, i. e. consent to reduced coverage.

Ohio Farmers may argue that the agent may be held liable for its failure to take more effective steps to obtain consent to the proposed reduction of coverage. Ohio Farmers cannot avail itself of this argument since there is no showing that prompt personal contact with officers of Magness and with officers of Delaware Trust would have led to a consent to the reduction of coverage.

Ohio Farmers Insurance Company's motion for summary judgment in its third party action against its agent is denied.

Plaintiffs' motion for summary judgment against Ohio Mutual is granted. Ohio Mutual's motion for summary judgment against Crayton & Pippin is denied. Judgment will be entered in favor of the plaintiffs. The third and fourth party actions will be dismissed. Plaintiffs will present an appropriate order.