318 So.2d 839 (1975)
Marvin E. NELSON, d/b/a Blue Ribbon Tire Service
v.
PHOENIX OF HARTFORD INSURANCE COMPANIES and Stewart-Sneed-Hewes, Inc.
No. 48274.
Supreme Court of Mississippi.
September 29, 1975.
*840 Terrell Simpson, Poplarville, Edward H. Stevens, Picayune, for appellant.
Mize, Thompson & Blass, Bryant & Stennis, Gulfport, Aultman, Pope, Aultman, Van Slyke & Tyner, Hattiesburg, for appellees.
Before PATTERSON, INZER and SUGG, JJ.
INZER, Justice.
Plaintiff, Marvin Nelson, doing business as Blue Ribbon Tire Service, appeals from a judgment of the Circuit Court of Pearl River County dismissing his suit on an insurance contract against defendant Phoenix of Hartford and defendant Stewart-Sneed-Hewes, Inc., its agent. The jury returned a verdict in favor of defendants after being instructed if they found that the policy cancellation notice had been mailed to the plaintiff, then they must find in favor of the defendants.
Plaintiff's business, Blue Ribbon Tire Service, located in Picayune, was completely destroyed by Hurricane Camille in August 1969. Prior to that time, plaintiff had been issued an insurance policy by Stewart-Sneed-Hewes, Inc. on behalf of Phoenix of Hartford Insurance Companies insuring the contents of the building where his business was located. The premium was paid on the policy for the period from March 11, 1969, to March 11, 1970. After his business was destroyed, plaintiff went to the office of the agent and informed it of his loss. At that time he was informed that his policy had been cancelled on July 15, 1969, and that notice of such cancellation had been mailed to him. Plaintiff told the agent that he had not received any notice of the cancellation. The agent told *841 plaintiff that it would submit the matter to the insurance company. The company denied liability, and Nelson brought this suit.
Plaintiff testified that he had never received any notice that his policy had been cancelled. He further testified that he checked his mailbox regularly from May 1969 until after the hurricane and that he never received any notice that his policy had been cancelled.
Mrs. Cecil Price, an employee of the agency, testified that she remembered typing the notice of cancellation. In connection with her testimony, a copy of the notice was introduced in evidence, together with an attached certificate of J.O. Moore, a postal employee, stating that the post office had received from Stewart-Sneed-Hewes, Inc. of Gulfport, Mississippi, a piece of ordinary mail addressed to Marvin E. Nelson, d/b/a Blue Ribbon Tire Service, P.O. Box 1004, Picayune, Mississippi.
Mr. Sessions Hootsell, vice-president of the agency, testified that plaintiff owed the agency on account for another insurance policy that had been cancelled for failure of plaintiff to pay the premium, that the agency notified plaintiff by mail that if he did not pay the account, his insurance on his business would be cancelled. The account was not paid and at Hootsell's direction the notice of cancellation was mailed and the policy was cancelled on July 15, 1969. Plaintiff was given credit on his account of unearned premium. Hootsell said that after this was done, plaintiff still owed the agency a balance, which they later marked off as a bad debt.
The principal question to be decided on appeal is whether the granting of the following instruction was reversible error:
The court instructs the jury for the defendant, Phoenix of Hartford Insurance Companies, that the mailing of notice by United States mail, postage fully prepaid, constitutes delivery of the same to the addressee.
A similar instruction was granted at the request of Stewart-Sneed-Hewes, Inc.
The policy contained the following provision relative to cancellation:
This policy shall be cancelled at any time at the request of the insured, in which case this company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time. This policy may be cancelled at any time by this Company by giving to the insured a five days' written notice of cancellation with or without tender of the excess of paid premium above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand. (Emphasis added)
Plaintiff contends that under the foregoing provisions that the actual receipt of the notice is a condition precedent to the cancellation of the policy by the insurer and that a letter containing notice of cancellation which is mailed by the insurer, but not received by the insured, is not effective as a cancellation. Consequently, plaintiff argues that it was error for the court to instruct the jury that if it found that the notice was mailed, that it must find for the defendants.
Citing and relying upon Employers Mutual Casualty Co. v. Nosser, 250 Miss. 542, 164 So.2d 426 (1964), defendants contend that the cancellation was effective upon proof of mailing of the notice of cancellation. This Court did hold in Nosser that proof of mailing of notice under the terms of that policy was sufficient proof of cancellation. While plaintiff questions the correctness of the Nosser decision, we need not pursue that question here for the reason that Nosser can readily be distinguished *842 and is not controlling here. The pertinent part of the cancellation clause of Nosser reads as follows:
This policy may be cancelled by the company by mailing to the insured named in Item I of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period.... Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation. (250 Miss. at 550, 551, 164 So.2d at 429).
We held that under the express terms of this insurance contract, all that was required was the proof of the mailing and that proof of actual delivery was not necessary, even though the insured denied ever receiving the notice. However, the policy we are dealing with calls for the "giving" of notice. Under this type of cancellation, the authorities seem to all hold that the actual receipt of the notice by the insured is a condition precedent to the cancellation. The writer of the annotation in 64 A.L.R.2d 996, 997 § 12, states the rule as follows:
Where the policy provides that it may be canceled by giving notice to the insured of a specified number of days  usually five  the universally recognized rule is that the actual receipt by the insured of such notice is a condition precedent to a cancellation of the policy by the insurer. Consequently, a letter containing a notice of cancellation which is mailed by the insurer but not received by the insured is ineffective as a cancellation.
A number of cases from other jurisdictions are cited supporting this rule.
43 Am.Jur.2d Insurance § 408, states the rule as follows:
Where the cancellation provision is ambiguous, it will generally be construed as requiring the actual receipt of the notice by the insured, in view of the fact that the requirement of actual receipt is the interpretation more favorable to the insured. Where the policy provision dealing with notice of cancellation simply requires a notice to the insured without stipulating any particular form or way in which such notice must be given, the actual receipt by the insured of such notice is universally recognized as a condition precedent to a cancellation of the policy by the insurer, and consequently a notice of cancellation contained in a letter which is mailed by the insurer but not received by the insured is ineffective as a cancellation. Another type of policy provision regarding notice of cancellation provides that the policy may be canceled by giving notice to the insured in a specified number of days. Under such a provision the actual receipt by the insured of such notice is a condition precedent to a cancellation of the policy by the insurer and the notice of cancellation mailed by the insurer but not received by the insured is consequently ineffective as a cancellation.
We hold that under the provisions of the policy in this case, it was error for the court to instruct the jury that if it found that a policy cancellation notice had been mailed to the plaintiff, then they must find in favor of the defendant. In order for the cancellation of the policy to be effective it was necessary for the jury to find not only that notice of cancellation had been mailed, but that the plaintiff had received the same, and the jury should have been so instructed.
Appellant also contends that the court was in error in granting Instruction No. 7 requested by the insurance company. Apparently, this instruction was directed at *843 the failure of the insured to file a proof of loss. When the insurance company denied liability for the loss and refused to pay it, it waived the necessity of the proof of loss. In any event the instruction as written was objectionable for other reasons. On retrial of this case, this instruction should not be given.
Plaintiff also alleges that he was prejudiced by the failure of the trial court to allow introduction into evidence of two photographs taken at the scene of the business one week after the hurricane. The photographs contained in the record on proffer of proof depicted total destruction of the building. Plaintiff contends that the introduction of these photographs was necessary because the condition of the building was highly relevant to the condition of the property contained therein. The trial court refused to allow the plaintiff to introduce the evidence after plaintiff testified that the photographs did not depict the scene exactly as it was immediately after the hurricane. The record reveals that the only changes made in the scene depicted were that the site had been cleaned up somewhat.
With regard to introduction of this type of evidence, the trial court has wide latitude and discretion. However, the mere fact that the photographs were taken at a time when conditions were somewhat changed does not render such photographs inadmissible so long as the changes are carefully pointed out to the jury. Gulf, Mobile and Ohio R. Co. v. Golden, 221 Miss. 253, 72 So.2d 446 (1954). In the instant case the photographs sought to be introduced showed the destruction of the building which occurred as a result of the hurricane and in that sense depicted the scene substantially as it was after the storm. The building in question was not covered by the policy, so the photographs were not offered as proof of damage or proof of loss of exactly what was lost in the storm, but only to show that the business was totally destroyed. While we cannot say that the trial court abused its discretion in not allowing the photographs into evidence, it does appear that upon proper explanation of the changes the court would be justified in allowing the introduction of the photographs in evidence.
For the reasons stated this case must be and is reversed and remanded for a new trial.
Reversed and remanded.
GILLESPIE, C.J., RODGERS, P.J., and SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.