[No. 3472–1–III.   Division Three.   April 2, 1980.]

THOMAS C. WISNIEWSKI, ET AL, *Appellants,* v. STATE FARM GENERAL INSURANCE COMPANY, *Respondent.*

*K. E. Gimple,* for appellants.

*Don W. Schussler* and *Nashem, Prediletto, Schussler & Halpin,* for respondent.

GREEN, C.J.—The plaintiffs brought this action against State Farm General Insurance Company for damages resulting from a fire loss allegedly covered by a State Farm

policy. State Farm successfully moved for a summary judgment on the ground that the plaintiffs' policy had been cancelled before the fire occurred for failure to pay the premiums.

Two questions are presented: (1) Must State Farm prove, as a condition precedent to an effective cancellation, that plaintiffs received the mailed cancellation notice? and (2) Was the plaintiffs' policy reinstated retroactively when State Farm accepted a premium payment after the fire loss had occurred?

The summary judgment was granted on the basis of the pleadings and several affidavits. Jim Knieling, the monthly pay plan superintendent for State Farm, attested that he had reviewed the plaintiffs' pay plan; their account included one fire insurance policy and three automobile policies; in January 1978, State Farm billed the plaintiffs $51.84 for their January premium, but payment was not received from the plaintiffs; in February, a bill for $103.68 covering 2 months was issued, but again no payment was remitted; on March 1, 1978, a notice of cancellation under the affiant's authority was mailed to the plaintiffs, advising them that their policies were cancelled effective March 14; and on March 28, a $241.72 payment was made, but State Farm decided not to reinstate the fire policy because of the fire loss of plaintiffs' home on March 25.

David Oman, plaintiffs' insurance agent, stated in his affidavit that he had discussed with plaintiffs the fact that their insurance policies were cancelled, and he had shown plaintiff–husband a copy of the cancellation notice prior to the fire. The plaintiffs dispute Mr. Oman's assertions, stating in their affidavits that they never received a notice of cancellation.

■■ First, the plaintiffs urge this court to require proof of receipt of the notice of cancellation by the insured in order to effect cancellation of an insurance policy. However, the long–established rule in this state is that proof of mailing is all that is necessary. RCW 48.18.290(1), originally

enacted in 1947[1] and substantially reenacted in 1975,[2] provides:

> Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer . . . may be effected as to any interest only upon compliance with either or both of the following:
>
> (a) Written notice of such cancellation must be actually delivered or *mailed* to the insured or to his representative in charge of the subject of the insurance not less than twenty days prior to the effective date of the cancellation except for cancellation of insurance policies for nonpayment of premiums, which notice shall be not less than ten days prior to such date;
>
> (b) Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other person shown by the policy to have an interest in any loss which may occur thereunder.

(Italics ours.) *See also Trinity Universal Ins. Co. v. Willrich,* 13 Wn.2d 263, 273–74, 124 P.2d 950, 142 A.L.R. 1 (1942) (enforcing a contract provision containing language similar to this statute and holding that actual receipt of the notice is unnecessary to the cancellation). Because it is undisputed that State Farm mailed the cancellation notice to the plaintiffs on March 1, the cancellation of the plaintiffs' fire insurance policy was effective as a matter of law before the fire occurred on March 25.

Plaintiffs urge that because of the claimed unreliability of mail service, the insurance company should be required to show not only that the cancellation notice was mailed, but that it was actually received. The difficulty with this position is that the unambiguous language of the quoted statute does not impose this requirement. This court does not have the power to judicially amend a statute enacted by the legislature. Consequently, the problem is one that must be resolved by the legislature.

---

[1]Laws of 1947, ch. 79, § .18.29, p. 369.

[2]Laws of 1975, 2d Ex. Sess., ch. 119, § 2.

■ Plaintiffs also point out that State Farm admits it failed to mail the notice of cancellation to those holding liens in the plaintiffs' property. They contend that unless the notice is mailed to all parties, the cancellation is not effective, citing *Transit Lumber Co. v. International Indem. Co.*, 153 Wash. 594, 597, 280 P. 13 (1929). We disagree. *Transit Lumber* only holds that notice to a lienholder is ineffective notice to the insured. Here, the statutory cancellation notice was given to the insureds and the cancellation is effective as to them.

■ Second, the plaintiffs contend that their fire insurance policy was retroactively reinstated when State Farm accepted their premium on March 28. We disagree. The plaintiffs' argument ignores the fact that their fire insurance policy had been cancelled on March 14, and was not in effect at the time the fire occurred. Plaintiffs cite no authority for the proposition that reinstatement after cancellation is retroactive. Their reference to *McDonnell v. Local 81, Amalgamated Meat Cutters*, 174 Wash. 147, 24 P.2d 447 (1933), is not in point as the facts of that case involved an affirmative waiver by the fraternal organization of the forfeiture resulting from the failure to make payments.

Affirmed.

MUNSON and McINTURFF, JJ., concur.