[No. 13314-4-I. Division One. January 27, 1986.]

CHRISTOPHER D. TREMMEL, ET AL, *Appellants,* v.
SAFECO INSURANCE COMPANY OF AMERICA,
*Respondent.*

---

*Mathew D. Griffin,* for appellants.

*Terry Harvey* and *Kenneth L. LeMaster,* for respondent.

PETRIE, J.*—Christopher and Brenda Tremmel, husband and wife, appeal a summary judgment order dismissing their complaint by which they sought a judicial declaration that Safeco Insurance Company owed them a duty to defend and cover damages resulting from an automobile accident in which Mr. Tremmel was involved. We find no error and affirm the summary judgment of dismissal.

On August 12, 1982, Safeco issued an automobile liability policy to the Tremmels and received the initial premium payment on August 17. Safeco did not receive the second premium which was due on October 21. Accordingly, on October 27, Safeco mailed a notice to the Tremmels stating that on November 10, 1982, their policy would be canceled for nonpayment of premium unless Safeco received the payment before that date. Apparently, the Tremmels did not receive the October 27 notice until November 8. On the morning of November 15, they mailed the premium payment to Safeco. Later that day, Mr. Tremmel was involved in the accident. When Safeco received the payment on

---

*Judge Harold J. Petrie is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

November 17, they returned it to the Tremmels with a notation that their policy had lapsed on November 10, and the check was received too late to keep the policy in force. The Tremmels brought a complaint for declaratory judgment. Safeco denied any duty to defend or to provide coverage under its policy. On Safeco's motion, the court dismissed the Tremmels' complaint.

On appeal, the Tremmels contend that they had 10 days after receipt of the notice to pay their premium under RCW 48.18.291,[1] the statute permitting an insurer to cancel a private automobile policy for nonpayment of premium. The entire thrust of the Tremmels' appeal is that the first proviso in RCW 48.18.291(1), which requires that 10 days' notice of cancellation for nonpayment of premium "shall be given" to an insured, means that such notice is not effective until received. Therefore, they argue because

---

[1] RCW 48.18.291 provides in part:

(1) No contract of insurance predicated upon the use of a private passenger automobile shall be terminated by cancellation by the insurer until at least twenty days after mailing written notice of cancellation to the named insured at the latest address filed with the insurer by or on behalf of the named insured, accompanied by the reason therefor: *Provided,* That where cancellation is for nonpayment of premium, or is within the first thirty days after the contract has been in effect, at least ten days notice of cancellation, accompanied by the reason therefor, shall be given: *Provided however,* That in case of a contract evidenced by a written binder which has been delivered to the insured, if such binder contains a clearly stated expiration date, no additional notice of cancellation or nonrenewal shall be required.

(2)(a) No notice of cancellation by the insurer as to a contract of insurance to which subsection (1) applies shall be valid if sent more than sixty days after the contract has been in effect unless:

(i) The named insured fails to discharge when due any of his obligations in connection with the payment of premium for the policy or any installment thereof, whether payable directly to the insurer or to its agent or indirectly under any premium finance plan or extension of credit.

(ii) The driver's license of the named insured, or of any other operator who customarily operates an automobile insured under the policy, has been under suspension or revocation during the policy period or, if the policy is a renewal, during its policy period or the one hundred eighty days immediately preceding the effective date of the renewal policy.

This statute was amended by Laws of 1985, ch. 264, § 18, effective May 10, 1985. The amended portions of the statute are not relevant to the disposition of this case, and thus the above subsections are those which were in effect in 1982.

they did not receive the notice until November 8 and because Safeco received their payment less than 10 days later on November 17, their payment was timely. We do not agree.

In *Wisniewski v. State Farm Gen. Ins. Co.*, 25 Wn. App. 766, 609 P.2d 456 (1980), the court in interpreting RCW 48.18.290(1),[2] a statute somewhat similar to RCW 48.18-.291(1), stated the long established rule in Washington is that proof of mailing is all that is necessary in order to effect cancellation of an insurance policy. *Wisniewski*, at 767. The Tremmels argues that the *Wisniewski* interpretation of RCW 48.18.290(1) does not apply to RCW 48.18-.291(1) because the language of the two statutes is distinguishable. They also argue that the two statutes must be interpreted differently from one another because (1) the legislative history reveals a legislative intent to require actual receipt of notice of cancellation for nonpayment of premium under RCW 48.18.291(1); (2) other jurisdictions interpreting statutes similar to RCW 48.18.291(1) hold that timeliness of the cancellation notice is determined from the date of receipt by the insured; and (3) public policy requires that the insured receive actual notice before cancellation may be effected. We find none of these arguments

---

[2]RCW 48.18.290(1) provides:

Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:

(a) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than twenty days prior to the effective date of the cancellation except for cancellation of insurance policies for nonpayment of premiums, which notice shall be not less than ten days prior to such date and except for cancellation of fire insurance policies under chapter 48.53 RCW, which notice shall not be less than five days prior to such date;

(b) Like notice of not less than twenty days must also be so delivered or mailed to each mortgagee, pledgee, or other person shown by the policy to have an interest in any loss which may occur thereunder.

This statute was amended by Laws of 1985, ch. 264, § 17, effective May 10, 1985. The amended portions of the statute are not relevant to the disposition of this case, and thus the above subsection is that which was in effect in 1982.

persuasive.

█ Both RCW 48.18.290(1) and RCW 48.18.291(1) permit notice of cancellation by mail for reasons other than nonpayment of premium if mailed no less than 20 days before the cancellation. RCW 48.18.290(1) makes an exception "for cancellation of insurance policies for nonpayment of premiums, which notice shall not be less than ten days prior to such date . . ."[3] On the other hand, RCW 48.18-.291(1) provides that where cancellation is for nonpayment of premium, "at least ten days notice of cancellation, accompanied by the reason therefor, *shall be given*: . . ." (Italics ours.)

RCW 48.18.290(1), when originally enacted, provided that an insurer for any reason could cancel any policy which under its terms allowed cancellation by the insurer either by actual delivery or by mailing of the notice to the insured not less than 5 days prior to the effective date of the cancellation. Laws of 1947, ch. 79, § .18.29. In 1975, the Legislature amended this statute, extending the time for cancellation to 20 days "except for cancellation of insurance policies for *nonpayment of premiums, which notice* shall be not less than ten days prior to such date . . ." (Italics ours.) Laws of 1975, 2d Ex. Sess., ch. 119, § 2.

RCW 48.18.291, on the other hand, was not enacted until 1969. This statute, applicable only to insurance policies for the use of private passenger automobiles, provided that insurers could not cancel the policies until at least 20 days after mailing written notice of cancellation. It included the proviso that "where cancellation is for nonpayment of premium, at least ten days notice of cancellation, accompanied by the reason therefor, shall be given." For policies in effect more than 60 days after the notice is "sent," the notice was valid only for nonpayment of premium or for suspension or revocation of the named insured's or other customary driv-

---

[3]The 1985 amendment to RCW 48.18.290 requires that notice of cancellation be mailed no less than 45 days before the cancellation. The 10-day requirement in the exception for nonpayment of premium remains the same.

er's license. Laws of 1969, 1st Ex. Sess., ch. 241, § 19. In 1979, the Legislature amended RCW 48.18.291(1) by requiring that the insurer who cancels for a reason other than nonpayment of premium give the same 20–day notice but it must be accompanied "by the reason therefor". In addition, the Legislature made the 10–day notice provision previously applicable only for cancellation for nonpayment of premiums, applicable to notices of cancellation if the notice "is within the first thirty days after the contract has been in effect". Laws of 1979, 1st Ex. Sess., ch. 199, § 6.

The legislative intent is clear. First, the focus of RCW 48.18.291(1), when enacted in 1969, was to provide legislation relating to private automobile insurance policies that permitted cancellations by extending the time for effective mailing of notice thereof to 20 days and by extending the time for effective notice to 10 days in the case of cancellation for nonpayment of premium only. The focus of the first proviso or exception is the time requirement and not the type of notice to be given. Second, when RCW 48.18-.291(1) was amended in 1979, the Legislature extended the 10–day notice provision to apply to cancellations of insurance contracts in effect 30 days or less if accompanied by the reason therefor. However, the focus of the first proviso still remained on the time requirement. Nowhere is it evident that the Legislature intended that notice of cancellation would not be effective until received.

When a statute authorizes the giving of notice by mail, the fact that the mail is properly posted and addressed to the person to whom notice is required is prima facie evidence that the statute was fully complied with and that the notice was effectively given. *Building Supplies, Inc. v. Gillingham,* 17 Wn.2d 489, 492, 135 P.2d 832 (1943). Proof of receipt is not required. *Wisniewski,* at 767. Hence, under the main clause of RCW 48.18.291(1), an insurer may cancel any private automobile insurance policy in effect between 30 and 60 days, for any reason other than nonpayment of premium, by simply mailing notice to the insured at least 20 days before the effective date thereof, so long as

the reason therefor is stated in the notice.

Using the Tremmels' interpretation of the first proviso in RCW 48.18.291(1), if the insurer attempted to terminate an insurance policy when it had been in effect only 30 days or less, the termination would not be effective until 10 days after the insured *received* the notice. However, if a policy had been in effect more than 30 days, mailing notice would be sufficient. Such an interpretation would not only be illogical, but also it would not reflect the legislative intent to permit notice of cancellation both for nonpayment of premiums and for policies only briefly in effect by giving 10 days' notice rather than 20 days'.

Of the cases cited to us by the Tremmels from other jurisdictions, we find none which contain the precise language of RCW 48.18.291. Perhaps the case closest on point is *Black v. Fidelity & Guar. Ins. Underwriters, Inc.*, 582 F.2d 984 (5th Cir. 1978), where the federal court was called upon to interpret a Mississippi statute, section 83–11–5. The statute provided that a notice of cancellation is not effective

> unless mailed or delivered by the insurer to the named insured at least twenty (20) days prior to the effective date of cancellation; provided, however, that where cancellation is for nonpayment of premium at least ten (10) days' notice of cancellation accompanied by the reason therefor shall be given.

*Black*, at 986 (quoting Miss. Code § 83–11–5 (1972)). Unlike RCW 48.18.291(1), the statute did not provide that 10-days' notice would be adequate for a policy which was in effect only for a brief (30-day) period.

Though we gain little from the analysis in *Black*, we discuss it briefly. With candor, the court admitted "that the statutory scheme is less than clear and is capable of varying interpretation." *Black*, at 987. Because no Mississippi cases were found which interpreted the statute, the court analyzed two prior decisions of the Mississippi Supreme Court, *Employers Mut. Cas. Co. v. Nosser*, 250 Miss. 542, 164 So. 2d 426, 168 So. 2d 119 (1964), and *Nelson v. Phoenix of*

*Hartford Ins. Cos.,* 318 So. 2d 839 (Miss. 1975), both interpretations of cancellation language in insurance policies before the Mississippi statute was in effect. In *Nosser,* the policy provided that mailing constituted sufficient proof of notice of cancellation, and thus, the court held that proof of mailing was sufficient and actual receipt of notice was not required. *Nosser,* 164 So. 2d at 433. In *Nelson,* the policy required that notice be "given" to the insured. The *Nelson* court distinguished *Nosser* and held that the policy required actual receipt of the notice. *Nelson,* at 842.

While referring to interpretations of insurance policies by *Nosser* and *Nelson,* the *Black* court independently interpreted the Mississippi statute to mean that timeliness of the notice of cancellation for nonpayment of premium is to be determined from the date of receipt rather than from the date of mailing. *Black,* at 988. This interpretation may have been valid for the Mississippi statute, which does not include within its proviso cancellation for a policy in effect 30 days or less. However, for the reasons set forth previously herein, we cannot follow the same analysis in interpreting our statute. Furthermore, *Trinity Universal Ins. Co. v. Willrich,* 13 Wn.2d 263, 124 P.2d 950, 142 A.L.R. 1 (1942) is consistent with *Nosser,* and the Tremmels have not cited any authority in this jurisdiction comparable to *Nelson.*

In support of our interpretation of RCW 48.18.291(1), we note that in *Fontenot v. State Farm Mut. Auto. Ins. Co.,* 436 So. 2d 747 (La. Ct. App. 1983), the Louisiana court interpreted an almost identical statute as that interpreted in *Black. Fontenot* held that proof of mailing the notice was "sufficient proof that notice of cancellation was given". *Fontenot,* at 751.

Finally, the Tremmels contend that public policy demands they be given 10 days from receipt of the cancellation notice in which to pay the premium. This contention is without merit pursuant to *Trinity Universal Ins. Co. v.*

*Willrich, supra.*[4]

Given our disposition of the case, we decline to consider the Tremmels' request for costs and attorney's fees.

Judgment affirmed.

WILLIAMS and WEBSTER, JJ., concur.

---

[4]The Tremmels include as an issue pertaining to their assignment of error that the cancellation notice received on November 8, 1982, together with the policy's provision for notice of cancellation, created an ambiguity in the policy. This contention is also without merit. They did not argue this point in their brief. Contentions unsupported by argument or citation of authority will not be considered on appeal. *Top Line Equip. Co. v. National Auction Serv., Inc.,* 32 Wn. App. 685, 692, 649 P.2d 165 (1982). Further, while ambiguities in an insurance policy are to be construed in favor of the insured, language which is clear and unambiguous must be given effect in accordance with its plain meaning and may not be construed by the courts. *Abbott v. General Accident Group,* 39 Wn. App. 263, 267, 693 P.2d 130 (1984). The language in this policy clearly provides for mailing. Actual delivery of a cancellation notice is at the option of Safeco.